21574. YARBROUGH *v.* MCCASKEY REGISTER COMPANY.

JENKINS, P. J.   1. Where the purchaser of personalty signed a promissory note for the purchase-price, payable in monthly installments beginning one month from date, the note expressly providing that the payee should date the note as of the date of shipment of the goods, the true date of the note is the date on which the goods were shipped, even though the payee may, through error, have inserted a different date, and the maturity of the obligation was thus sought to be fixed accordingly.   The insertion of a date different from that on which the goods were shipped could not amount to the unauthorized alteration of the note, which when executed bore no date, and could not afford a ground of defense to the obligation unless such different date was inserted for the purpose of defrauding the payer, and so as to accelerate the maturity of the note. Where, in such a case, in a suit on the note the maker denied the execution of the note sued on, and alleged that he had no transaction with the plaintiff on the date on which the note was dated, but did have a transaction at a different date, and did not deny the execution of any note to the plaintiff in the amount of the one sued on, and where the note contained a provision accelerating the maturity of all the monthly installments in the event any one should not be paid when due, and it thus appeared that whether the date of the note should be the date contained therein or the date on which the defendant alleged the transaction took place, the entire amount had matured by virtue of the alleged nonpayment of any amount, which was not denied, the plea of the defendant was neither a valid plea of non est factum nor a valid plea of an unauthorized and fraudulent alteration.   Nor did the plea, which set forth in mere general terms a denial of the indebtedness, and that the defendant had entered into a "provisional" contract with the plaintiff for the purchase of property similar to that referred to in the petition, but under the terms of the contract after the property was received by the defendant it was returned to the plaintiff and the contract rescinded, and neither set forth the contract nor alleged that the prop-

erty purchased had been returned to the plaintiff and accepted as in rescission of the contract of purchase and sale, set forth any defense against the unconditional promise in writing sued on.

2. The court did not err in striking the answer of the defendant and in entering judgment for the plaintiff, and the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 14, 1932. REHEARING DENIED FEBRUARY 2, 1932.

*Walter DeFore, James C. Estes, V. J. Adams,* for plaintiff in error.

*Ryals, Anderson & Anderson,* contra.

