22614. CITY OF ATLANTA *v.* GORE.

DECIDED MAY 29, 1933.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error.
*Mitchell & Mitchell,* contra.

JENKINS, P. J. ■ "Every owner of property which abuts upon a street has a property right in the street, as an easement for the purpose of access to his premises." *Franklin* v. *City of Atlanta,* 40 *Ga. App.* 319, 321 (149 S. E. 326). Accordingly, the construction by municipal authorities in a city street of a public improvement, such as the widening and paving of the street for automobile traffic and the elimination thereby of sidewalks, which results in permanent injury to the property of an abutting lot owner, gives to the owner a right of action. "Nor is it material whether the prop-

erty damaged abuts directly upon the improvement, or is distant therefrom." It "need not necessarily be in front of or contiguous to the property claimed to be affected thereby, in order to authorize a recovery. It is sufficient if it is such an obstruction or interference as produces a diminution in the value of the property, as distinguished from mere personal inconvenience to the owner." *Pause* v. *City of Atlanta,* 98 *Ga.* 92 (2), 101, 102, 104 (26 S. E. 489, 58 Am. St. R. 290) ; Lewis on Eminent Domain, 307, § 227; Tulsa *v.* Hindman, 128 Okla. 169 (261 Pac. 910, 55 A. L. R. 891).

■ The plaintiff in this case obtained a judgment against the municipality in the amount of $3,457.50 for damage to her property, consisting of a lot and a four-unit apartment house, by reason of the widening and paving of the contiguous street and sidewalks. The verdict was not without evidence to support it. Nor, under the foregoing rules, is it contrary to law. As in the *Pause* case, it is not necessary to decide what rule will be adopted where an obstruction is so remote from the property of the person injured as to render it doubtful whether damage may be fairly attributed to the obstruction or to independent causes, since there was evidence in the instant case from which the jury were authorized to find that the elimination by the city of sidewalks previously in front of and extending from the property of the plaintiff to the nearest intersecting street directly affected the value of her property.

■ "A judgment rendered at a prior term of court, to which exception is not timely taken, fixes the law of the case," and concludes the parties upon all questions necessarily involved in the decision of the points previously raised. *Loughridge* v. *City of Dalton,* 166 *Ga.* 323 (143 S. E. 393) ; *Ogletree* v. *Stanley,* 43 *Ga. App.* 253 (158 S. E. 465). The court overruled all demurrers to the petition, except a special demurrer, striking allegations not here involved. There was no exception to this judgment, determining the general law of the case.

■ In one of the special grounds (the 17th) of the motion for a new trial, error is assigned on the charge of the court on the general law applicable to the case, in which the jury were instructed that an "owner of property which abuts upon a street or sidewalk has a property right in the sidewalk, whether taken from her lot or not, or whether the sidewalk belonged to the city or not, as an easement for the purpose of access to and from his premises or a right of in-

gress and egress to and from her lot along the sidewalk to and from the nearest cross street or sidewalk, and a deprivation of this property right, if that was done, gives a right of action for damages, provided causing reduction or diminution in the market value of the entire property of the owner bordering on the sidewalk at the completion of work by the city." The petition of the plaintiff being partly based on the theory of her right of ingress and egress not only from the street touching her property, but also along the sidewalk therefrom to the nearest cross street, 108 feet distant, and the judgment on demurrer fixing the law of the case, in accordance with the rule stated in the preceding paragraph, exception can not be taken to the instruction, which in effect charged such law. Moreover, the instruction did not contravene the rules of law applicable to sidewalk cases, as determined by the *Pause* case, supra, and stated above.

◼ The 1st ground of the amendment to the motion for a new trial complains of the introduction, over defendant's objection of irrelevancy, of the following question to and answer of the plaintiff: "Q. Was your property injured or benefited? A. It injured the rental value of it." Since it appears that similar testimony of the plaintiff, as to specific amounts of reduction in the rental value of the property in question, was admitted without exception, the admission of the evidence complained of could not under any view of the law be deemed prejudicial. Moreover, while the proper measure of damages in a case of this nature is the diminution in market value (*Roughton* v. *Atlanta*, 113 *Ga.* 948, 39 S. E. 316), yet difference in rental value may be shown as a circumstance tending to prove such diminution, or in corroboration of other evidence of diminution. *City of Atlanta* v. *Atlas Realty Co.*, 17 *Ga. App.* 426 (2) (87 S. E. 698).

◼ "A ground of a motion for a new trial assigning error in permitting a witness to answer a certain question, which does not disclose" in terms or substance "the answer objected to, presents no question for determination." *City of Moultrie* v. *Cook*, 11 *Ga. App.* 649 (75 S. E. 991); *Phinizy* v. *Bush*, 135 *Ga.* 678 (70 S. E. 243); *Ward-Truitt Co.* v. *Nicholson*, 23 *Ga. App.* 672 (2) (99 S. E. 153); *Sheppard* v. *State*, 167 *Ga.* 327, 336 (4) (145 S. E. 654). The 2d, 3d, 4th, 5th, and 12th grounds of the amendment to the

motion for a new trial, under this rule, must be determined adversely to the movant.

■ "Under a denial of the allegations in the plaintiff's declaration, no other defense is admissible except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." Civil Code (1910), § 5636. "Pleas of accord and satisfaction are pleas in confession and avoidance." 1 C. J. 572, § 110. The burden of pleading and proving the existence, terms, and effect of an accord and satisfaction under section 4326, or a compromise settlement under section 4330 of the Civil Code, is on the party relying upon the same. *Glisson* v. *Burkhalter*, 31 *Ga. App.* 365, 366 (5) (120 S. E. 664). The 6th ground of the amendment to the motion for a new trial complains of the exclusion of testimony, in that, when a witness for the defendant city was on the stand, the city offered to prove by him that he "was chairman of its committee on claims, had a number of conversations with [plaintiff], and, as a result of these conversations, he entered into an agreement with her, representing the city, which is set out in resolution" dated July 30, 1930, and approved July 11, 1930, "and after it passed through council [plaintiff] declined to accept it." It is contended that this evidence showed not a mere unaccepted offer of compromise, but a final complete adjustment or settlement of the case, and that it was also admissible to contradict her own evidence that she had made no such settlement. The defendant, however, filed an answer in the nature only of a plea of the general issue, and neither pleaded nor offered proof as to the nature and terms of the accord and satisfaction or settlement referred to; and, under the rules stated, the evidence was not admissible to prove a satisfaction or avoidance of the plaintiff's claim. As to its admissibility to impeach or "affect the credibility" of the plaintiff's testimony, her evidence to the effect that she did not authorize or agree to the resolution of the city council was elicited on cross-examination, and, being irrelevant to disprove the alleged settlement, and proof by the defendant city of the alleged settlement being otherwise inadmissible to establish a satisfaction and avoidance, its exclusion if offered for the sole purpose of impeaching the irrelevant evidence of the plaintiff, brought out by the defendant, can not be deemed harmful error. Moreover, this ground fails to show, by admitted proof or offer of proof, the terms or substance of

the resolution of the city council, or settlement referred to, and thus to indicate how the evidence excluded could have prejudiced the city.

■ Ground 7 excepts to the exclusion of the following questions and answers: "Q. Have you had occasion to notice from time to time when streets have left off being residence and have become business streets? A. Yes. Q. Have you noticed whether or not that resulted in improvement of the street at different places? A. Yes." Since this evidence not only is not linked with the improvement in question, on Courtland street in Atlanta, Georgia, but does not show that the witness was referring even to the same municipality, and does not show that the widening of the street would in fact turn it into a business street, its materiality does not appear; but even if relevant, its relevancy and importance are too slight and problematical to render its exclusion harmful error.

■ From ground 8 it appears that a witness was asked this question by the plaintiff: "If a street is improved for a space of two or three or four blocks, or two blocks, and it generally improves the property in the street, I will ask you if it isn't possible that there would be one block that would be injured?" to which the witness replied that "it would be *possible* that there would be one block that would be injured; there would be specific cases that *might* not be as much improved as others." While this evidence might have been subject to the defendant's objection of irrelevancy, since it shows no relation to the improvements involved in this case, still the answer was too indefinite, guarded, uncertain, and meaningless to be deemed helpful or prejudicial to either of the parties.

■ There was no error as alleged in ground 9, in the rejection, as irrelevant and immaterial, of a newspaper photograph and news item, picturing a number of persons grouped around another digging a spadeful of earth, and describing the program at the beginning of work on the improved street; the relationship to the parties, the property, or the alleged injury in question, being in no wise shown.

■ The court did not err as alleged in ground 10, in excluding, as immaterial, evidence for the defendant relating to improvements and conditions on another street of the municipality not in issue in this case, especially so after ruling out for the defendant all similar evidence offered by the plaintiff.

■ The 11th special ground complains of the refusal to grant a mistrial on the defendant's motion, on the ground that it could not secure a fair trial after counsel for the plaintiff had asked a witness for the city, who owned a lot north of and adjoining that of the plaintiff, "how much was your claim that you filed against the city on account of damages to your property?"; counsel for the plaintiff stating that "this witness had testified that her property had increased in value by this work, and he expected to show that she made a claim against the city for damage to her property, and that the question was asked for the purpose of impeaching the witness." The court ruled that the objection would be good, but that the evidence was admissible for the purpose of contradicting the previous testimony of the witness. The witness then answered, without stating the terms or amount of settlement, that she "did file a claim and that settlement was had." While, as the court correctly ruled, the evidence was otherwise inadmissible (*Ga. Ry. & Elec. Co.* v. *Wallace,* 122 *Ga.* 547, 50 S. E. 478), there was no error either in refusing a mistrial because counsel asked the question quoted above, or in admitting the testimony for the limited sole purpose of impeachment of what the witness had previously testified.

■ The 13th special ground contends that the court erred in permitting plaintiff's counsel to ask her if she had ever made a case against the owner of the adjoining property, whose testimony is referred to in the preceding paragraph, and in permitting the plaintiff to answer that she had never made such a case, over the objection that such evidence was immaterial and irrelevant, and that the plaintiff could not thus impeach the testimony of the adjoining property owner, because immaterial evidence brought out on cross-examination could not be contradicted by other immaterial evidence. The testimony which the evidence objected to was offered to contradict was that of this witness for the city that the plaintiff had previously made a case against her. This testimony, brought out on cross-examination by counsel for the plaintiff, without objection, might have tended to affect the credibility of the witness by attempting to show feeling or interest against the plaintiff. When counsel thereafter offered the testimony of the plaintiff that she had not made any case against the witness, the effect of such testimony—whether technically admissible or not—was to show that the witness

had no reason for any feeling against the plaintiff, and thus to sustain rather than impeach the credibility of the witness, and hence the admission of such testimony can not be deemed prejudicial to the defendant.

The 14th and 15th grounds complain of quoted portions of the charge, which in effect instructed the jury that testimony of the owner of the lot adjoining that of the plaintiff, elicited on cross-examination and referred to above in paragraph 12, to the effect that the witness had herself filed a claim for damages against the city and a settlement had been had, after she had previously testified that the paving improvements benefited the property, could only be considered for the purpose of impeaching this witness and for no other purpose. It is contended that the trial judge erred in this, because he had already made a similar statement at the time the testimony was admitted, and the repetition was prejudicial, and because the evidence itself was inadmissible as showing a compromise, and could not be admitted for the purpose of impeachment, and the witness could not be impeached on the irrelevant issue of her own settlement with the city. The court properly instructed the jury that the evidence was admissible solely for impeachment, and did not err in reminding them that they should consider it only for that purpose; and the instructions were not erroneous for any of the reasons assigned.

Ground 17 has been previously dealt with. Grounds 16 and 18, not being referred to in the briefs for the plaintiff in error, will be treated as abandoned.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*