22742. PILGRIM HEALTH & LIFE INSURANCE CO. *v.* JENKINS.

STEPHENS, J. 1. Upon the trial of a suit to recover under an insurance policy for an accident benefit,. where the only provision in the policy appearing in the record, either in the pleadings or in the evidence, with reference to making application for accident benefits under the policy is that. "application for benefit must be submitted to the nearest office of the company, and blanks filled by attending physician," it is not essential to the insured's right to recover that the company be furnished a certificate for each week during the disability; and where it appears, from the evidence, that the insured, on blanks furnished by the company, furnished the company certificates by the attending physician, containing information as to the accident, and in which the insured claimed benefits under the policy for the period of time sued for, it was not error for the court to instruct the jury that they would be authorized to find that if the insured applied to the company for blanks upon which to make the required certificates and the company failed to furnish the blanks, the insured, without furnishing a certificate weekly, would be entitled to file his claim for compensation for the full period claimed, on the blanks in his possession which he had already received from the company.

2. Where the policy provides that "sick and accident benefits will be allowed," etc., and that "sick benefits will not be paid unless member is confined in bed, and members will be required to furnish the company a certificate for each week during their disability or no benefits will be paid," the provisions as to confinement in bed and as to furnishing a certificate for each week during disability apply only to sick benefits, and not to accident benefits.

3. A defense of accord and satisfaction, or settlement, of the claim sued on is one as to "matters in satisfaction or avoidance," and, as provided in section 5636 of the Civil Code of 1910, must be specially pleaded. Such defense is not made by a plea of general issue or general denial to the suit to recover an alleged benefit under an accident-insurance policy. *Ingram* v. *Hilton & Dodge Lumber Co.,* 108 *Ga.* 194 (33 S. E. 961). See also. *Dickson* v. *Wainwright,* 137 *Ga.* 299 (73 S. E. 515); *Harris* v. *Dover,* 18 *Ga. App.* 320 (89 S. E. 351); *Rawleigh Co.* v. *Royal,* 30 *Ga. App.* 706 (119 S. E. 339). This rule applies to cases in the superior court which have been appealed thereto from a justice's court. Civil Code (1910), § 4739.

4. This being a suit by the insured to recover an accident benefit under an insurance policy, brought in a justice's court and appealed therefrom to the superior court, and the defendant having filed only a plea of the general issue or a general denial, and not having filed any plea of accord and satisfaction or settlement, and, although it may appear without dispute, from evidence offered by the defendant which was admitted without objection from the plaintiff, that the plaintiff accepted a sum of money in full settlement of all claims under the policy, but where no such issue was submitted to the jury, the verdict found for the plaintiff will not be set aside upon the ground that it appears without dispute, from such. evidence, that the parties made an agreement in accord and

satisfaction or settlement of the claim sued on, and that the verdict for the plaintiff is therefore contrary to law and without evidence to support it. See *Gunn* v. *Barrett*, 69 *Ga.* 689.

5. The verdict for the plaintiff was authorized by the evidence.

6. Upon a consideration of the only assignments of error relied upon by the defendant in the motion for a new trial, no error appears, and the judge of the superior court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 8, 1933.

*Paul T. Chance,* for plaintiff in error.
*Clarence L. Powell,* contra.