## Hartsfield Loan and Savings Company v. Garner *et al.*

Bell, Justice. A wife filed a suit to enjoin a sale of land under an execution against her husband, claiming that the land was purchased with her separate funds and under circumstances which created a trust in her favor as against her husband, to whom the deed of conveyance was made by the seller. The judgment creditor, the levying officer, and the

plaintiff's husband were made parties defendant. The creditor alone filed an answer. The trial resulted in a verdict in favor of the plaintiff, and the creditor excepted to the overruling of its motion for a new trial, as amended. The deed to the plaintiff's husband was executed in the year 1931, and there was some evidence that it was based upon an oral contract entered into between the plaintiff and the seller several years previously, and that partial payments were made by the wife from time to time until the full amount of the purchase-money was paid by her, as alleged in the petition. The judgment was anterior to the deed, and was based upon an indebtedness which arose in the year 1923. While the evidence was not clear as to whether the contract of purchase was made before or after the creation of such indebtedness, and might have authorized a finding either way on that issue, there was no evidence that the credit was extended to the husband on the faith of his apparent ownership of the property. *Held*:

1. "Except where the true owner is estopped from asserting title, the lien of a judgment only attaches to such interest as the judgment debtor actually has in the property levied on." *Owens* v. *Atlanta Trust & Banking Co.*, 122 *Ga.* 521 (50 S. E. 379).

2. The general rule is that estoppel, to be available as a defense, must be pleaded and proved by the party relying thereon. Code, §§ 38-115, 38-116; *Wall* v. *Louisville & Nashville Railroad Co.*, 143 *Ga.* 417 (3) (85 S. E. 325); *DeVore* v. *Baxter*, 155 *Ga.* 109 (3) (116 S. E. 610); *Duncan* v. *Beasley*, 174 *Ga.* 28 (2) (161 S. E. 829).

3. Land purchased by a wife and paid for with her money is equitably her property, though deeded by the seller to her husband, where it is so conveyed to the husband without her knowledge or consent; and in such case the property can not, as against a claim by her, be lawfully subjected to a judgment against the husband, where at the time of the creation of the debt on which the judgment is founded credit was not given to the husband on the faith of his apparent ownership of such land. *Brown* v. *West*, 70 *Ga.* 201 (2); *Burt* v. *Kuhnen*, 113 *Ga.* 1143 (39 S. E. 414); *Orr Shoe Co.* v. *Lee*, 159 *Ga.* 523 (126 S. E. 292); *Wood* v. *Lovelady*, 176 *Ga.* 866 (169 S. E. 93); *Rowe* v. *Cole*, 183 *Ga.* 477 (188 S. E. 668); *Smallwood* v. *Warfield*, 49 *Ga. App.* 93 (174 S. E. 185).

4. Under the foregoing principles as applied to the facts, the verdict in favor of the plaintiff was supported by the evidence, and the court did not err in overruling the general grounds of the motion for a new trial. The case is distinguished by its facts from *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 670 (3) (79 S. E. 576).

5. The plaintiff wife was permitted to testify as follows: "I first found out that this deed wasn't made in my name when the sheriff came down there and levied on it. They told me; then I spoke to my husband about it." Also: "I asked my husband why it [the deed] wasn't made in my name, and he didn't say anything. Frank [the seller] did the work. I immediately took steps to protect my interest. I asked him [the husband] to go see an attorney, and he said he would, . . and that's when I came to see you about it, about the time this suit was filed." Each of these statements was admitted over objection by the creditor that it was "a statement made out of the hearing of this de-

fendant," and would be admissible only as against the plaintiff's husband, and should be limited accordingly. A part of each statement was admissible for the purpose of rebutting the defense of laches as pleaded by the defendant; and whether or not the references to the plaintiff's husband and the seller were improper, the evidence was in each instance objected to as a whole; and a part of each statement being competent, the overruling of such objection will not be reversed by this court. *Knight* v. *State*, 143 *Ga.* 678 (6) (85 S. E. 915); *Dixie Mfg. Co.* v. *Ricks*, 153 *Ga.* 364, 370 (112 S. E. 370); *Mobley* v. *Bell*, 177 *Ga.* 876 (2) (171 S. E. 701).

6. No reversible error being alleged, and there being evidence to support the verdict, this court can not disturb the judgment refusing the defendant's motion for a new trial. *Judgment affirmed. All the Justices concur.*

No. 11638. APRIL 14, 1937.

*Robert T. Efurd, Mose S. Hayes,* and *Joe Quillian,* for plaintiff in error.

*John I. Kelley,* contra.