McCLURE, trustee, *v.* NEWELL *et al.*

No. 13583. May 16, 1941.

*J. W. Lee* and *S. P. Hale*, for plaintiff.

*Rosser & Rosser, Shaw & Shaw*, and *Julius Rink*, for defendants.

Jenkins, Justice. 1. By the terms of the Federal bankruptcy act, the trustee of a bankrupt estate is "vested by operation of law with the title of the bankrupt as of the date he was adjudged bankrupt, except in so far as it is to property which is exempt;" and this title includes "property transferred by him in fraud of his

creditors." §§ 70(a), (4), (e). By the 1910 amendment to sec. 47(a) the trustee is also "deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution returned unsatisfied" as to property of the bankrupt "not in the custody of the bankruptcy court." 1 Collier on Bankruptcy (12th ed.), 717, 727-731; 2 Id. 1106, 1116, 1119. See 11 U. S. C. A. § 110.

(a) A lawful delivery is "essential to the validity of a deed." *Mays* v. *Shields,* 117 *Ga.* 814 (45 S. E. 68).

(b) This was an equitable petition by a trustee in bankruptcy, against the bankrupt, his former wife, and a claimant bank holding a security deed under the wife, to set aside a previous deed from the bankrupt conveying to her his half interest in a duplex apartment-house and lot, and to partition and sell the property, divide the proceeds, and adjust the priorities and rights of all parties at interest, with a prayer for general relief. Under the preceding rules and the undisputed evidence, where the deed from the original owner to the husband and wife conveyed the property to them jointly, and the husband was afterwards adjudged a bankrupt, the legal title to his half interest vested and remained in the trustee, even though the bankrupt's deed to the wife was dated before bankruptcy, since it was not delivered until after that time.

2. The wife acquired no title superior to that of the trustee in the half interest of the bankrupt husband, under his deed to her, by virtue of the bankrupt's claim to the property as a homestead, made in the bankruptcy proceeding, since that claim was disallowed by the Federal court.

3. Nor did the wife acquire any legal or equitable title superior to that of the trustee, under the husband's deed to her, by virtue of any claim for alimony. While she alleged in her petition for divorce, filed after bankruptcy, that she did not ask alimony, because a settlement was "in contemplation," under which she expected "to receive the equity of [the husband] in said property in lieu of any question of alimony," and while there was evidence in this case that the consideration for the husband's deed to her was her agreement to relinquish alimony, it is nevertheless true that at the time the conveyance was made the title of the husband had already passed out of him into the trustee in bankruptcy, with the result that the husband could not convey that which he did not own.

4. Nor can it be said that an equitable title to the husband's half interest was in the wife by virtue of any sums expended by her for the upkeep and improvement of the property, or for any money payments made by her exceeding her pro rata obligation in their joint purchase of the property. If she thus used her money or permitted her husband to so use it, the transaction must be taken either as a gift or loan to her husband; and if a loan, her remedy would be to recover her overpayments on an accounting had for that purpose, and not to claim title to the whole property jointly purchased. See *Stokes* v. *Clark,* 131 *Ga.* 583, 585 (62 S. E. 1028); Code, § 108-106 (1-3); 65 C. J. 412, and cit.; *Hartsfield Loan & Savings Co.* v. *Garner,* 184 *Ga.* 283 (3) (191 S. E. 119), and cit.; *Hemphill* v. *Hemphill,* 176 *Ga.* 585 (168 S. E. 878); *Crawford* v. *Manson,* 82 *Ga.* 118 (8 S. E. 54). This the trustee in bankruptcy does not deny, but himself asks for such an accounting and adjustment, under which she could set up any priority to which in law or equity she might be entitled.

5. The direction of the verdict against the plaintiff trustee was error, not only as to the bankrupt and the wife, but as to the other defendant, a bank holding under a security deed from the wife to the entire property, executed after the bankrupt's deed to her, where the bank's answer conceded that at the time it took its deed it had been informed by the plaintiff's attorney that the bankrupt's creditors "claimed a half interest in said property, but this fact was overlooked," and where counsel for the bank asked in the trial merely that in any sale of the property the bank "be decreed a lien upon such interest as [the former wife] might have in the property." *Judgment reversed. All the Justices concur.*