MANRY *v.* FIRST NATIONAL BANK OF BARNESVILLE.

No. 14317. November 13, 1942. Rehearing denied December 4, 14, 1942.

164

*B. H. Manry,* for plaintiff in error.   *Harvey J. Kennedy,* contra.

HEWLETT, Justice.   1.   The first special ground of the motion for new trial complains that the trial judge's attention was called to the fact that he was disqualified, being a stockholder in the Farmers Bank which held a conflicting lien on a portion of the land in controversy, and that the judge had disqualified himself in an injunction proceeding instituted by Miss Obie Manry et al.

against the same bank that is plaintiff in the instant case; and further, that the judge, in refusing to disqualify himself, stated in the presence of the prospective jurors that the Farmers Bank, mentioned above, had charged off the indebtedness from its books and never expected to collect the debt from the defendant. It does not appear that any challenge of the jurors present was made or any other objection or motion to disqualify them was interposed.

(a) The above statement by the judge does not show cause for reversal for the reason, as contended, that it put the defendant in an unfavorable light before the jury, and was prejudicial.

(b) The fact that the judge was a stockholder in a different bank which held a lien on a portion of the land in controversy would not disqualify him to preside in the instant case, such other bank not being a party, and no question as to the validity or priority of its lien being involved. Code, § 24-102.

2. The second and third special grounds complain of the disallowance of designated amendments to defendant's answer. The disallowance of an amendment to an answer is not ground for a motion for new trial. *George W. Muller Bank Fixture Co.* v. *Georgia Railway & Electric Co.*, 145 *Ga.* 484 (89 S. E. 615) ; *Norris* v. *Rawlings*, 138 *Ga.* 711 (76 S. E. 60) ; *Lee* v. *McCarthy*, 132 *Ga.* 698 (64 S. E. 997).

3. The next ground complains that the court rebuked the defendant in the presence of the jury, for stating in his opening remarks that facts stated by the plaintiff's counsel as to who was in possession of the property were false, and that the president of the bank and its attorney were in contempt of court because of having ignored an order enjoining the sale of the property, and that both of them should be in jail. The defendant could not take his chance of a verdict, and then complain that the rebuke from the court was prejudicial and amounted to an expression of opinion that the plaintiff was in possession at the time the suit was filed. *Perdue* v. *State*, 135 *Ga.* 277 (69 S. E. 184). "The public is vitally interested in the prevention of acts which may require the court to declare a mistrial, and the judge need not wait for an objection, but of his own motion may promptly interfere to prevent or stop such occurrences. . . Where acts transpire in the presence of the jury which would authorize a mistrial, and the injured party does not move therefor, but only asks the court to rebuke the same, and for an instruction to the jury cautioning them not to

be influenced thereby, there is, if the court complies with such requests, a legal though inadequate cure, and this court can not order a new trial." *Patton* v. *State*, 117 *Ga.* 230 (43 S. E. 533).

4. The fourth ground complains that the court erred in excluding from evidence a quitclaim deed offered by the defendant, by which the property in question was conveyed to the defendant and other persons many years before the security deed and the sale under the power thereof. The deed was irrelevant to the issue being tried. Besides, the answer of defendant did not set forth any question regarding any one other than himself being the owner of the land. Under the circumstances the court did not err in excluding the deed from evidence. Code, § 38-201.

5. For similar reasons the court did not err, as complained of in the fifth ground, in excluding from evidence a supersedeas (offered by defendant) granted in another case in which it does not appear that defendant was a party.

6. The sixth ground complains of the disqualification of a juror. The judge was authorized to find, from the counter-showing by the plaintiff, that the defendant knew, before the trial, of the relationship of the juror to the wife of one of the stockholders of the plaintiff bank. In *Miller* v. *State,* 139 *Ga.* 716 (78 S. E. 181), this court said: "It is well settled that where a juror is known to be incompetent, such incompetency is presumed to be waived unless objection is made." *Georgia R. Co.* v. *Cole,* 73 *Ga.* 713; *Lampkin* v. *State,* 87 *Ga.* 516 (7) (13 S. E. 523); *Hadden* v. *Thompson,* 118 *Ga.* 207 (2), 208 (44 S. E. 1001).

7. Ground 7 complains that the court erred, after a return of the verdict for plaintiff, in allowing the jury, before dispersing, so to amend the verdict as to read "in favor of injunction as prayed." There was no error in allowing the verdict to be perfected in the presence of the jury before they had retired from the box. Code § 110-110. In *Herndon* v. *Sims,* 7 *Ga. App.* 675 (67 S. E. 835), the Court of Appeals held: "There was no error in causing the verdict to be reformed or remodeled in the presence of the jury before they had retired from the box." See *Smith* v. *Pilcher,* 130 *Ga.* 350, 355 (60 S. E. 1000).

8. Ground 8 complains of the grant of a mandatory injunction. Where the main purpose of the injunction is not to require any affirmative action, but to restrain the defendant from repeating a

trespass, the injunction is not mandatory, although compliance with it may require some affirmative action on the part of the party enjoined, such as opening a gate that had been nailed up. *Phinizy* v. *Gardner*, 159 *Ga.* 136 (125 S. E. 195) ; *Rosser* v. *Styron*, 171 *Ga.* 238 (155 S. E. 23) ; *Peebles* v. *Perkins*, 165 *Ga.* 159 (140 S. E. 360) ; *Lockwood* v. *Daniel*, 193 *Ga.* 122 (6) (17 S. E. 2d, 542), and cit.

9. The evidence was sufficient to support the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*