DALTON L. KINSELLA, APPELLANT, v. WILLIAM J. KINSELLA, JR. (also known as WILLIAM HENRY KINSELLA), WILLIAM J. KINSELLA, JR., and JOHN S. LEAHY, Executors of the Purported Will and Testament of ELLA MARIE KINSELLA, deceased; ELIZABETH (BETTY) KINSELLA, JANE KINSELLA, a minor, MARJORIE M. KINSELLA, LOUISE HERVEY, MARY DUKE KINSELLA, DALTON L. KINSELLA, JR., a minor, AGNES (DOLLY) KINSELLA, a minor, ELIZABETH HANLEY, FRANCES HERVEY, LESSIE HERVEY, MERCANTILE-COMMERCE BANK AND TRUST COMPANY, a Corporation, Trustee in the Purported Last Will and Testament of ELLA MARIE KINSELLA, deceased; MARYVILLE COLLEGE OF THE SACRED HEART, a Corporation, and ST. STANISLAUS SEMINARY, a Corporation.—No. 39097.—183 S. W. (2d) 905.

Division One, November 6, 1944.

Rehearing Denied, December 4, 1944.

*Geo. O. Durham, Erwin B. Tucker* and *B. Sherman Landau* for appellant.

*Leahy & Leahy* for respondents William J. Kinsella, Jr., William J. Kinsella, Jr. and John S. Leahy, Executors, Louise Hervey, Frances Hervey, Lessie Hervey, Marjorie M. Kinsella, Elizabeth Kinsella and Jane Kinsella, a minor; *Samuel A. Mitchell* for respondent Mercantile-Commerce Bank & Trust Company, Trustee; *Edw. V. P. Schneiderhahn* and *Bernard J. Hager* for respondents St. Stanislaus Seminary and Maryville College of the Sacred Heart.

666

CLARK, P. J.—Suit by Dalton L. Kinsella, plaintiff, to set aside the will of his deceased sister, Ella Marie Kinsella, on the ground of undue influence and lack of testamentary capacity. From a judgment sustaining the will, plaintiff appeals.

Among others named as defendants were Elizabeth Hanley, beneficiary in the income from property devised to trustees, and the three minor children of plaintiff, contingent beneficiaries in a trust. One of these minors is Dalton L. Kinsella, Jr. The trustees were made defendants and filed answer. A summons for Elizabeth Hanley was returned non est and no alias summons was issued. The minors were served with process and a guardian ad litem appointed and filed answer for them. None of these defendants was an heir of testatrix, her only heirs being her two brothers, the plaintiff, and William J. Kinsella, one of the defendants.

After the filing of the suit by Noah Weinstein as attorney for plaintiff, the proponents of the will twice took the deposition of plaintiff, he being represented each time by attorney B. Sherman Landau. In these depositions, plaintiff testified that he could not remember any word or act of the testatrix which led him to believe that she was of unsound mind or had been unduly influenced in making her will.

The case was filed in the circuit court of the city of St. Louis on March 10, 1943. Judge Sartorius, the assignment judge, set the trial

for Monday, June 14, 1943. On the latter date when the case was called Mr. Weinstein made no announcement. Mr. Landau said he was not ready for trial because of being engaged in the trial of another case. On the same day the assignment judge and the guardian ad litem each received a typewritten letter purporting to be signed by defendant, Dalton L. Kinsella, Jr., stating that he was a soldier stationed at Jefferson Barracks; that he did not want the will sustained and that the testatrix was of unsound mind and had been unduly influenced in the making of her will. The letter also contained an affidavit for stay of proceedings under the Soldiers and Sailors Civil Relief Act. Thereupon the assignment judge had a subpoena issued for the notary whose name appeared on the affidavit. This was served on the notary, but she refused to appear. An attachment was issued for her and returned non est. On June 15, Mr. Weinstein appeared in the assignment division and withdrew from the case stating that he had notified his client on the preceding Saturday of his intention to withdraw. The assignment judge had a subpoena served on Dalton L. Kinsella, Jr., and, when he failed to appear, had an attachment issued for him which was returned non est. On the morning of June 16, in the assignment division, Mr. Landau withdrew from the case and plaintiff requested time to employ another attorney. Thereupon Mr. Tucker, an attorney who had been sitting in the court room, stated that he had been consulted by the plaintiff and desired time to confer further with him to determine whether he would represent him. After some colloquy the matter was laid over until two P. M., at which time Mr. Tucker entered his appearance and orally asked a continuance on the ground that he had not had time to prepare the case. On this application being refused, Mr. Tucker filed an affidavit which he had previously prepared asking for a continuance, stating: "that he is a member of the State Legislature, and that the same is in session, and he therefore respectfully requests that all motions and other proceedings of every kind and nature be postponed until after the adjournment of the General Assembly, as provided in Section 1089, Revised Statutes Missouri 1939." This application was also overruled and the case assigned for trial to Division No. 6 presided over by Judge Killoren.

Mr. Tucker appeared in Division No. 6. With him was Mr. Landau, but the latter stated he was not of counsel. Mr. Tucker endeavored to induce Judge Killoren to reconsider the action of Judge Sartorius in refusing a stay under the Soldiers and Sailors Civil Relief Act and in overruling his applications for continuance. This Judge Killoren refused to do, stating that under the circuit court rules he was bound by the rulings of the assignment judge. Mr. Tucker then re-filed his affidavit for continuance and took no further part in the proceedings. A jury was empaneled, the proponents introduced evi-

dence, a verdict was returned and judgment entered establishing the will.

On appeal to this court the abstract and brief of appellant list Geo. O. Durham, Edwin B. Tucker and B. Sherman Landau as attorneys for appellant.

■ Appellant contends that the judgment is void for lack of service on or appearance of defendant Elizabeth Hanley. ■ This contention must be overruled for the reason that Elizabeth Hanley is not injured by the judgment establishing the will. As she is not an heir she would take nothing if the will be set aside. The establishment of the will gives her a beneficial interest. If she had participated in the trial she could have protected her interest no better than has been done by the judgment. She could not appeal, because not aggrieved, nor does she have such an interest as would authorize her to bring a suit to set aside the will. [State ex rel. v. McQuillin, 246 Mo. 674, 152 S. W. 341.]

Our ruling does not conflict with any authority cited on this point by appellant. True, under our statutes plaintiff must make all beneficiaries named in a will parties to a will contest in order to get a valid judgment setting the will aside. If any beneficiary is not made a party a judgment setting the will aside is invalid not only as to the omitted party, but as to all parties and the question can be raised by any *proponent* for the first time on appeal. But it does not follow that a judgment *sustaining a will* is invalid for omission of such a party, nor that a plaintiff can make such an objection for the first time on appeal. In the instant case the record fails to disclose that plaintiff made any further effort to get service on Elizabeth Hanley after the summons for her was returned unserved, nor is it shown that plaintiff requested the trial court for time to bring her into court. Kischman v. Scott, 166 Mo. 214, 65 S. W. 1031, was a will contest in which the trial court overruled plaintiff's application to bring in necessary parties. On appeal we affirmed the judgment in favor of proponents for lack of diligence on the part of plaintiff in bringing in the necessary parties. [166 Mo. l. c. 225.] In the instant case no diligence is shown and no request was made for time to get service on Elizabeth Hanley. Appellant is in no position to ask us to reverse the judgment in her favor.

Cases cited by appellant are distinguishable from the instant case. In Eddie v. Parke's Ex'r., 31 Mo. 513, we affirmed the action of the trial court in sustaining defendants' demurrer to the petition for failure to make all the devisees parties. In Wells v. Wells, 144 Mo. 198, 45 S. W. 1095, the judgment in the trial court set the will aside. On appeal by the proponents we reversed and remanded the case because all the devisees were not made parties. Neither Parke v. Smith (Mo.), 211 S. W. 62, nor Harper v. Hudgins (Mo.), 211 S. W. 63, were will

contests. One was a suit to construe a will and for an injunction, the other was to construe a will and partition real estate. Appellant also cites Clark v. Crandall, 319 Mo. 87, 5 S. W. (2d) 383. That was a will contest in which we reversed and remanded a judgment in favor of proponents for the exclusion of certain evidence, not for defect of parties. In the opinion we called attention to the fact that an omitted devisee should be made a party. That was correct because the case had to be re-tried and, if the next judgment should be against proponents, it could not stand unless all devisees were in court.

■ Appellant complains of the court's refusal to stay the proceedings on the affidavit of Dalton L. Kinsella, Jr., under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C. A., 521. That Act provides for a stay "unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." This language vests some discretion in the court. [Boone v. Lightner, 319 U. S. 561, 87 L. Ed. 1587.] In the instant case this discretion was not abused for Dalton L. Kinsella, Jr., was not an heir. He was financially interested in having the will sustained, not set aside. He was represented by a guardian ad litem, the will was sustained and his interests fully protected.

■ Appellant contends that the court erred in refusing a continuance. This was a matter resting largely in the court's discretion [Hall v. Williams, 330 Mo. 473, 50 S. W. (2d) 138] and we think the facts heretofore set out do not indicate an abuse of that discretion. The court was justified in overruling the oral application under Section 1087, Revised Statutes Missouri 1939 [Mo. R. S. A. 1087] which requires the application to be in writing unless the adverse party consents that it be made orally. Mr. Tucker's affidavit as to membership in the general assembly did not comply with Section 1089, Revised Statutes Missouri 1939 [Mo. R. S. A. 1089] in that it failed to state, even substantially, that affiant was in actual attendance in a session of the legislature or that his presence in court was necessary to a fair and proper trial. Appellant claims the court should have permitted the affidavit to be amended, but we do not find any ■ record of a request for permission to amend the affidavit.

■ Appellant complains of the refusal of the trial judge to reconsider the rulings of the assignment judge. We think appellant is correct in his contention that, notwithstanding the court rules, the trial judge was not bound by the previous rulings of the assignment judge. [Landau v. Schmitt (Mo. App.), 179 S. W. (2d) 138.] The trial judge had the same judicial power to reverse the rulings of the assignment judge that he would have to reverse his own rulings made at a previous stage of the trial. However, the trial judge by refusing to reconsider the rulings of the assignment judge adopted

and made them his own. Then, in overruling the motion for new trial, the trial judge expressly stated that he adopted the rulings of the assignment judge. The rulings are in the record and, whether made by one judge or two, are before us for our consideration.

Finding no prejudicial error, the judgment is affirmed. All concur.