33955. RICHARDS *v.* RICHARDS.

606

DECIDED MARCH 10, 1952.

*William J. Wilkerson, Ralph R. Quillian,* for plaintiff in error.
*Gambrell, Harlan, Barwick, Russell & Smith, James C. Hill, Charles A. Moye Jr.,* contra.

GARDNER, P. J. ■ The trial court did not err in overruling the general demurrer to the petition. The contract between the plaintiff and the defendant, whereby he agreed to pay $125 a month to her until she remarried, was a valid and enforceable agreement.

A contract providing for the wife's support, which is "made after a separation has taken place, or immediately before a separation which has already been determined upon, is valid and enforceable." *Sumner* v. *Sumner,* 121 *Ga.* 1 (3) (48 S. E. 727) ; *Barbee* v. *Barbee,* 201 *Ga.* 763 (41 S. E. 2d, 126) ; *Sells* v. *Sells,* 206 *Ga.* 650 (58 S. E. 2d, 186) ; Code, § 30-211. This agreement was incorporated into and made a part of the final divorce decree, and became of the same force and effect as the final judgment and decree in the divorce action.

The decree was properly authenticated and attached to and made a part of the suit at law to recover thereon. In fact, it was the basis thereof. Thereunder, the plaintiff alleged that the defendant was due the amount sued for, being in arrears in that sum. The judgment or decree was entitled to be sued on in this State. U. S. Constitution, art. 4, sec. 1, Code (Ann.) § 1-401; Sistare *v.* Sistare, 218 U. S. 1 (30 Sup. Ct. 682, 54 L. ed. 905, 28 L. R. A. (NS) 1068) ; Barber *v.* Barber, 323 U. S. 77 (65 Sup. Ct. 137, 89 L. ed. 82, 157 A. L. R. 163) ; Sherrer *v.* Sherrer, 334 U. S. 343 (68 Sup. Ct. 1087, 92 L. ed. 1429). The court did not err in overruling the general demurrer to the petition. Upon proof of

its allegations and the amount owing by the defendant thereon, if any, the plaintiff would be entitled to recover of the defendant under said final divorce and alimony decree of the New Mexico court.

■ The plaintiff introduced evidence tending to substantiate the allegations of her petition. She testified as to the settlement agreement and divorce decree, and she introduced in evidence the agreement and the decree in New Mexico of which the settlement agreement was a part. The same were in proper form and properly admitted. 28 U. S. C. A., Sec. 1738; Ga. Code, § 38-627.

The defendant admitted having paid some money to the plaintiff, but denied owing her any sum or being obligated to pay her any sum. He alleged that said agreement was void and said divorce judgment or decree, embodying the same, was void as herein set out, and, therefore, he owed the plaintiff nothing. He introduced no fact as to his having paid any of the sum claimed in the petition.

After the introduction of evidence, in which said final decree was introduced and the plaintiff testified as to the amount due her by the defendant being unpaid and as to her being unmarried, she testified in support of her petition.

The agreement was not illegal because contrary to public policy. See, in addition to authorities hereinbefore cited, *Watson* v. *Burnley*, 150 *Ga.* 460 (104 S. E. 220); *Chapman* v. *Gray*, 8 *Ga.* 341; *Melton* v. *Hubbard*, 135 *Ga.* 128 (68 S. E. 1101); *Brown* v. *Farkas*, 195 *Ga.* 653 (25 S. E. 2d, 411). The contract was not void and was properly incorporated in the judgment and final decree. Besides, the defendant cannot in this action go behind the divorce decree and attack its validity nor the validity of the contract made a part thereof. The only defense the defendant could make in this case would be as to the amount he owed, if any, under said final divorce and alimony decree. The fact that such prima facie proper decree incorporated an agreement contrary to public policy would not avail the defendant in the present case, under the full-faith-and-credit clause. See Sistare *v.* Sistare, Barber *v.* Barber, Sherrer *v.* Sherrer, supra. The place for the defendant to attack this decree as he has attempted to do was not in this case. No proper defense to the suit appearing from the defendant's evidence, and the evidence for the plaintiff authorizing a recovery for the amount of the

judgment, the court did not err in directing a verdict for the plaintiff for said sum.

 *Judgment affirmed. Townsend and Carlisle, JJ., concur.*