## 33738. BLAU v. McCALL CORPORATION.

CARLISLE, J. 1. (a) Where, in an action for breach of contract, brought in two counts, the defendant filed general and special demurrers to each count, and the general demurrer to each count was sustained on March 23, 1951, "with leave to amend within 15 days, in default of which the said count . . is dismissed," such order was dual in character, in that the part requiring amendment was merely interlocutory in character and subject to exceptions pendente lite, while the part providing for automatic dismissal at the end of the 15-day period allowed for amendment constituted a final judgment ending the case if no amendment was filed, (*Luke* v. *Ellis,* 201 *Ga.* 482 (2), 40 S. E. 2d, 85); and where the plaintiff did not except at all to the interlocutory part of the order on count 2, adjudging on March 23 that such count was subject to dismissal as a whole unless amended, but, on April 16, excepted pendente lite, only to the automatic dismissal of the count at the end of the 15-day period allowed for amendment, no review of such interlocutory part of the order can be made by this court, and it must, therefore, be treated as the law of the case as to count 2, requiring automatic dismissal, at the end of the 15-day period allowed for amendment, for failure to amend. *Luke* v. *Ellis,* supra (division 3, a), and cases cited. It follows that the exceptions pendente lite, filed on April 16 to the final dismissal of count 2, are without merit and the judgment of automatic dismissal of count 2 must be affirmed.

(b) Should it be insisted by the plaintiff that his exceptions pendente lite, which were filed, allowed, and certified on April 16, 1951, were directed to the interlocutory part of the order of March 23, 1951, instead of to the final, automatic dismissal part, as it would seem from the language used, then, in that event, such exceptions pendente lite were not filed within the time provided by law and cannot be reviewed by this court; and, again, for the same reasons stated in subdivision (a) above, the judgment of automatic dismissal at the end of the time allowed for amendment must be affirmed. *Allen* v. *Hix Green Buick Co.,* 78 *Ga.* *App.* 34 (50 S. E. 2d, 167).

2. The judgment of March 23, sustaining a general demurrer to count one, whether right or wrong, became the law of the case and conclusive upon the parties thereto when the plaintiff within the time provided therefor duly amended this count of the petition (*Darling Stores Corp.* v. *Beatus,* 197 *Ga.* 125, 28 S. E. 2d, 124); and, since the amendment to this count offered on April 4 added nothing new or of substance, but was a mere elaboration of the averments of the original petition, under the law of the case the petition as finally amended alleged no cause of action, and the court did not err, on June 22, in sustaining the renewed general demurrer to this count of the petition, or in dismissing it.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED MARCH 10, 1952—REHEARING DENIED APRIL 2, 1952.

*Saul Blau,* in propria persona.

*Powell, Goldstein, Frazer & Murphy, C. Baxter Jones Jr.,* for defendant.