### 34900.   BROWN *v.* BROWN.

Decided November 17, 1953—Rehearing denied December 18, 1953.

430

*John L. Westmoreland, John L. Westmoreland, Jr.,* for plaintiff in error.

*Gambrell, Harlan, Barwick, Russell & Smith, Charles A. Moye, Jr.,* contra.

TOWNSEND, J. ■ The order of January 28, 1953, which was entered by the court after hearing evidence of the defendant in support of his plea seeking a stay of proceedings under the provisions of the Soldiers' and Sailors' Civil Relief Act (50 U. S. C. A., Appendix, § 521, cumulative part), is as follows: "Pending further order of the court, it is ordered and adjudged that said plea be and the same is sustained, and proceedings in said case are stayed, conditionally and provided only that pending said stay the defendant, Paul C. Brown, shall pay to the plaintiff, Ora C. Brown, the sum of $125 per month, said sums to be credited on the judgment, the basis of this suit. Said payments shall begin on the 1st day of February, 1952 [sic]. Upon failure of defendant to make said payments, as required herein, said plea as to

the benefits under the Soldiers' and Sailors' Civil Relief Act of 1940 shall stand dismissed and denied, and the case shall stand for trial. This 28th day of January, 1953." No exceptions pendente lite were preserved to this order, nor did the defendant comply therewith by making any alimony payments to the plaintiff. After a third hearing on June 1, 1953, the court passed the following order: "The special plea of the Soldiers' and Sailors' Civil Relief Act of 1940 for the defendant is hereby overruled." Exceptions pendente lite were preserved to this last order only. Accordingly, under the Georgia rule (see Blau v. McCall Corp., 85 Ga. App. 814 (1), 70 S. E. 2d 92), the interlocutory and conditional ruling of January 28 would have become the law of the case, and the defendant, not having complied therewith or excepted thereto, could not later object to the overruling of his plea for a stay.

However, assuming that the first conditional ruling was not binding upon either the court or the parties when the matter was again brought up on June 1, 1953 (in which regard see Kinsella v. Kinsella, 353 Mo. 661, 183 S. W. 2d 905), it appears that the defendant, who was at the time a resident of DeKalb County, was present in court and testified when the case proceeded to trial on that date. So far as the record shows, he did not on that date make any showing that his defense was "materially affected by reason of his military service," and no facts appear from which the finding of the court to the effect that his defense was not materially affected would appear an abuse of discretion. Accordingly, the order of June 1 overruling the plea of stay is without error. See Boone v. Lightner, 319 U. S. 561 (63 Sup. Ct. 1223, 87 L. ed. 1587) ; Gates v. Gates, 197 Ga. 11 (28 S. E. 2d 108).

■ Error is assigned in the first special ground of the amended motion for new trial on the charge of the court as follows: "The court charges you that as a matter of law that the plaintiff in this case, Mrs. Brown, is entitled to recover from the defendant, Mr. Brown, such payments, if any, she has proven to you by a preponderance of the evidence are due over the period from March—from April 1, 1950 to the present time, with interest thereon at 7%, less, gentlemen, or in consideration with the law that the court shall give you with respect to the defendant's plea of settlement for recoupment," following which the court instructed the jury that, "while the court directs you that the

plaintiff is entitled to recover those amounts that the court has just called your attention to," the jury should, before entering a verdict for the plaintiff, consider whether or not the defendant was entitled to damages on his cross-bill for libel. Error is assigned on the direction of this portion of the verdict, on the ground that whether or not the plaintiff was entitled to recover any sum from the defendant was a jury question.

The direction of the verdict for back alimony payments in whatever amount the plaintiff had, by a preponderance of evidence, proved on the trial, was not error. A settlement agreement which by its terms provides for the payment of alimony, and which is incorporated in a decree of divorce rendered in a sister State, copies of which are duly authenticated and admitted in evidence, establishes the right of the plaintiff to recover such amounts thereunder as she may prove are past due and unpaid. *Richards* v. *Richards*, 85 *Ga. App.* 605 (69 S. E. 2d 911). It having been admitted by all parties to the action that the amount recovered by the plaintiff here was the amount of alimony in arrears, the direction of the verdict was without error.

In his brief, counsel for the defendant further contends that the direction of the verdict was error because there was some evidence that the plaintiff had first breached the settlement agreement by failing to return to the defendant certain articles of personal property therein mentioned. This contention is also without merit, there being in evidence in this case authenticated copies of an action in the Justice Court of Oakland, Alameda County, California, in which judgment was entered against the defendant on an identical cross-complaint involving this issue. Such judgment is conclusive between the parties until reversed or set aside. Code § 110-501. Accordingly, there was no jury issue here as to whether the plaintiff had herself failed to comply with the terms of the agreement.

■ Error is assigned in special ground 5 on the following: "The court further charges you, gentlemen, that the truth of the charge or charges made may always be proved in justification of the libel or slander. . . If you find that the statements made in the letter of October 10, 1950, are truthful statements you would not be authorized to find in favor of the defendant's counterclaim because the truth of the charges made may always be proved as justification of the libel or slander. If you should find

that the statements in the October 10, 1950, letter were made by Mrs. Brown with the bona fide intent to protect her own interest in a matter where it was concerned, you would not be authorized to find in favor of the defendant's cross-bill as to damages for the libel or the alleged libel charged to the plaintiff, Mr. Brown."

The only assignment of error on this portion of the charge is that it constituted an unauthorized and unnecessary repetition, and placed undue emphasis upon the defense to the cross-action. Mere repetition of a correct and applicable principle of law is not error unless it takes the color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury. *Laney* v. *Barr,* 61 *Ga. App.* 145 (9) (6 S. E. 2d 99); *Patterson* v. *State,* 207 Ga. 357 (2) (61 S. E. 2d 462). The charge here was full and fair, and, in view of its length, no harmful repetition appears therein. This ground is without merit.

■ ■ Special ground 6 contends that the trial court erred, upon the trial of the case, in disallowing an amendment of the defendant to the effect that the plaintiff was, on March 19, 1948, granted a divorce against the defendant in Marin County, California, in which suit counsel for the plaintiff and defendant stipulated that the plaintiff waived all claims of alimony, and that she has thereby waived all claims and demands for alimony against the defendant. Special ground 8 complains of the allowance of an amendment during the trial of the case, increasing the amount sued for from $1,250 as of the date of filing the petition to $4,750 as of the date of trial. Since the allowance or disallowance of amendments to pleadings cannot be considered as grounds of a motion for new trial (*Manry* v. *First National Bank,* 195 *Ga.* 163, 165 (2), 23 S. E. 2d 662, and cases there cited), these grounds are without merit.

■ Special grounds 7, 9, 13, 14, and 15 all assign error on the exclusion of evidence, to the effect that subsequently to the Nevada divorce proceedings (in which both parties made an appearance, so as to authorize a valid judgment in personam), and after the plaintiff had instituted a second divorce proceeding in California, in which, again, both parties were represented by counsel, the plaintiff's attorneys did, by correspondence and stipulation, waive "all claims and demands upon the defendant herein for alimony, support, attorney fees and court costs," and other evi-

434

dence of similar nature. Since the defendant's amendment under which this evidence was sought to be introduced was disallowed and no proper exceptions were preserved thereto, the order disallowing it became the law of the case. Therefore it becomes unnecessary to decide whether or not such a pleading, and evidence in support thereof, would have been proper. Both constituted matter in avoidance of the original contract of maintenance which was incorporated in and made a part of the Nevada divorce decree, and were urged as an affirmative defense against that judgment. Code § 81-307 provides as follows: "Under a denial of the allegations in the plaintiff's petition, no other defense is admissible except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." Matter in satisfaction or avoidance of a debt must be specially pleaded (*Pilgrim Health &c. Ins. Co. v. Jenkins,* 47 *Ga. App.* 441 (3), 170 S. E. 687), as must a compromise settlement (*City of Atlanta v. Gore,* 47 *Ga. App.* 70 (7), 169 S. E. 776), rescission (*Barnett & Co. v. Terry & Smith,* 42 *Ga.* 283 (1) ; *Yarbrough v. McCaskey Register Co.,* 44 *Ga. App.* 651, 162 S. E. 828), and an estoppel (*Hartsfield Loan &c. Co. v. Garner,* 184 *Ga.* 283, 191 S. E. 119; *Carter v. Carter,* 207 *Ga.* 460, 62 S. E. 2d 171). Therefore it was not error for the trial court to refuse to allow over objection, evidence which was unsupported by the pleadings.

■ Special grounds 11 and 12 relate to the exclusion of testimony offered by the defendant in his cross-action, seeking damages for libel because of a letter written by the plaintiff to his employer, the United States Forestry Service, which allegedly kept him from procuring a promotion. The testimony excluded would have been to the effect that it is customary for letters such as the one constituting the foundation of the cross-action to be processed through the personnel section and read by all persons having to do with promotions and transfers; that it becomes a permanent part of the subject's personnel record; that permanent records are always fully reviewed at any time promotions are under consideration; that the defendant is sure this letter directly resulted in his failure to obtain the promotion; and that it has caused him embarrassment in that he has been directly advised that it became quite general knowledge around the office. A part of this testimony was certainly objectionable in that neither a

custom of passing letters around among the office force (it not being proved that the letter in question was so passed around), nor the defendant's personal conviction that the letter cost him the promotion, would constitute proof of this issue. Testimony that he was advised by others of the publication of the letter is of course hearsay. A ground of a motion for new trial to the effect that the court erred in excluding testimony as a whole will not require the grant of a new trial where a part of the testimony so specified is objectionable. *Jones* v. *Blackburn*, 75 *Ga. App.* 791 (8) (44 S. E. 2d 555). Further, the defendant did prove publication of the letter, that it was a part of his personnel file with the Department of Agriculture, that it was read by the Director of Personnel, that great numbers of people had access to the file, and that shortly after the receipt of this letter he was refused a promotion for which he was otherwise eligible. Accordingly, special grounds 11 and 12 are without merit.

■ Error is assigned in special ground 10 on the refusal of the court to permit the defendant to answer the following question over objection that it called for a conclusion: "Mr. Brown, do you owe Mrs. Brown any money whatsoever?" This ruling was proper, since the existence and amount of the debt was the ultimate fact to be ascertained by the jury under all the evidence in the case: The defendant testified that he discontinued payments because he did not think himself liable; that he did not think he owed the plaintiff any money and owed her no payments under any agreement to his knowledge. By such testimony he made clear both his contentions and the motives under which he acted; further than this he could not properly go.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

ON REHEARING.

Counsel for the movant on rehearing contend that this court, in holding that the movant offered no evidence and made no showing at the time that the trial court finally overruled the plea for stay under the Federal Soldiers' and Sailors' Civil Relief Act, overlooked the record of the testimony and the stipulation between the plaintiff and the defendant at the time of the trial on June 1, 1953, which was specified in paragraph 13 of the bill of exceptions, and is as follows: "The brief of evidence with order

and entries thereon filed and approved on the 3rd day of September, 1953." Set forth in the motion for rehearing is what purports to be excerpts from the testimony of the movant and a stipulation of counsel. The testimony thus set forth relates to the military service of the movant, and the stipulation thus set forth is to the effect that the same situation, insofar as military service of the movant is concerned, existed at the time of trial as it did on two other occasions when the plea under the Soldiers' and Sailors' Civil Relief Act was heard and interlocutory orders were passed thereon. We have carefully examined all the testimony of the movant in the brief of evidence as specified by paragraph 13 of the bill of exceptions. Such testimony as is set forth in the motion for rehearing is not contained in the brief of evidence of the trial of this case upon which this appeal is based. Nor does the transcript of the record anywhere disclose the stipulation set forth in the motion to rehear. The existence of such a stipulation appears, as is pointed out in the motion, from the statement of facts in the brief of counsel for the defendant in error.

This court assumed, in order to pass on the merits of this plea, that the order of the trial court on January 28, 1953, which was not appealed from, was not the law of the case to the effect that the plea was not well founded. While that order was favorable to the movant in allowing the stay, the same was conditioned upon his paying the agreed alimony pending further hearing, and this condition was not met. By the express provisions of the order, failure to meet its terms resulted in its denial. It was therefore an adverse order to the movant by reason of his failure to meet it. We will, however, continue to assume, without conceding, that the order of January 28, which was not complied with by the movant, does not constitute the law of the case. For the purpose of this decision, we will also assume, without conceding, that the record of the trial upon which this appeal is based also shows that the same conditions exist as existed at the time of the two previous hearings. With this in mind, we have re-examined *Parker* v. *Parker*, 207 *Ga.* 588 (63 S. E. 2d 366), which it is contended by the movant was overlooked by this court. In that case no facts were developed beyond the plea itself, which affirmatively showed that the movant was at the time actively engaged in military combat in Korea. As such, of course, he could not have been expected to be present at the trial or to contribute

anything whatever to the defense of his case, and from such fact, there being nothing to the contrary, it was mandatory that the application be granted. Here, on the contrary, the movant resided in the county where the suit was brought. His work was in the environs of the same city. It did not take all of his time. He was able to be present and testify, not only at the trial, but at two other hearings. The case was stayed under his plea for over 18 months. He was able to secure depositions from witnesses in California during that time (the inaccessibility of these witnesses being one of his grounds of application). So far as the record shows, he made no application to the military authorities for leave of absence in order to obtain additional time to prepare his defense in this case. He refused to comply with the terms of the last order of the court granting a conditional stay, nor did he appeal therefrom or show why compliance with the terms of the order was impossible.

On the other hand, in *Gates* v. *Gates*, 197 *Ga.* 11, it was held that where the applicant for a stay voluntarily offers evidence to show an impairment in his ability to defend the action, and this evidence, when subjected to legal tests, fails to show impairment, the trial judge is authorized to deny a stay. The *Gates* case was much stronger on its facts than the case here, in that there the defendant was assigned to active military duty at the time in North Carolina and was also apparently a nonresident of this State. For the obvious reasons set forth in our original opinion, the trial court did not abuse its discretion in overruling the plea of stay.