SENTA GILMORE, Plaintiff, *v.* GEORGE M. GILMORE, Defendant.

Supreme Court, Special Term, Kings County, August 3, 1945.

*Robert J. Sykes* for plaintiff.

*M. H. Miller* for defendant appearing specially.

UGHETTA, J. Plaintiff moves herein for temporary alimony and counsel fees in addition to injunctive relief restraining the defendant, a nonresident, from proceeding in any foreign jurisdiction for the dissolution or termination of the marital status of the parties. Defendant appears specially, contesting the jurisdiction of this court, on the following grounds: (1) Jurisdiction cannot be obtained by the service of a summons and complaint while the defendant, a naval officer and a nonresident, is en route on duty under orders; (2) plaintiff has not established that she is a bona fide resident of New York State; (3) the courts of the State of New York have no right to enjoin or deprive defendant of his rights under the laws of his domicile and residence, and (4) that all proceedings be stayed under the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 501 *et seq.*). These contentions will be considered seriatim. It is a well-established rule in this State that immunity to the service of a summons applies only to those nonresidents attending as witnesses and parties to actions. (See *Chase National Bank* v. *Turner,* 269 N. Y. 397.) The defendant not being a witness or party to the action, the privilege does not extend to him. (See, also, *Tulley* v. *Superior Court,* 45 Cal. App. 2d 24.) It is my belief that the plaintiff has complied with section 1165-a of the Civil Practice Act and the court has jurisdiction over the parties. (See *Pignatelli* v. *Pignatelli,* 169 Misc. 534.) Plaintiff is not entitled to the injunctive relief, *pendente lite,* on the facts presented. (See *McDonald* v. *McDonald,* 182 Misc. 1006.) Motion for alimony and counsel fee granted. Alimony is fixed at $150 per month. Counsel fee $250, payable one half after service of a copy of this order with notice of entry thereon and the balance on or before the date of trial. Subsequent proceedings and the trial are stayed until termination of defendant's military service. (See *Kelley* v. *Kelley,* 38 N. Y. S. 2d 344; *Clarke* v. *Clarke,* 25 N. Y. S. 2d 64;

Soldiers' and Sailors' Civil Relief Act of 1940, § 201 [U. S. Code, tit. 50, Appendix, § 521]; N. Y. Soldiers' and Sailors' Civil Relief Act, § 304 [Military Law, § 304].)

Settle order on notice.