STATE OF IOWA ex rel. R. J. SWANSON, County Attorney, Appellee, v. EVA R. HEATON et al., Appellants.

No. 46876.

MAY 7, 1946.

Lee R. Watts, of Corning, and Paul W. Richards, of Red Oak, for appellants.

Charles H. Scholz, Assistant Attorney General, and R. J. Swanson and Floyd E. Billings, both of Red Oak, for appellee.

OLIVER, J.—This action was instituted December 19, 1945, in the name of the State by the county attorney. The petition alleges defendant Eva R. Heaton owns certain premises upon which the other defendants are and have been operating an unlicensed roadhouse where intoxicating liquors have been and are unlawfully sold and dispensed, gambling devices maintained and used, and drunkenness and breaches of the peace permitted; that said premises and such operation constitute a public nuisance which will be continued unless abated and enjoined. Plaintiff prays that the premises be adjudicated a public nuisance and abated as such, that the premises be closed and taxed and the personal property be disposed of as provided by law, and that defendants be enjoined from violating the laws relative to gambling and liquor and from operating a roadhouse.

The attorney for defendant Darrel Thomas and for his wife, defendant Anita Thomas, made application for stay of further proceedings until Darrel's release from military service. The application states Darrel is the owner of the business, is in military service in the state of Washington and expects to be shipped overseas, and that his presence is essential to the proper preparation and presentation of his defense. In support of the application defendant Jesse Thomas, father of Darrel, testified Darrel owned the business and the personal property, which was of considerable value, and had operated the business until his induction into the Army about August 1, 1945; that Darrel's wife, defendant Anita, continued such operation for several months and then went to the place where Darrel was stationed; that thereupon Jesse and Jesse's wife

took over and have since operated the business for Darrel and in Darrel's name; that Darrel was home once on furlough; that while Darrel's wife was in charge the place was raided. An amendment to the answer of Jesse and his wife alleges that January 24, 1946, the township trustees granted Darrel a license to operate the roadhouse.

The Soldiers' and Sailors' Civil Relief Act of 1940 provides in part that at any stage thereof, an action in which a person in military service is involved, shall, on application by such person, be stayed, "unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 50 U. S. C. App., section 521.

We have said the act should be construed broadly and liberally for the protection of the rights of the serviceman, keeping in mind, however, that it is to be used as a shield for defense and not as an instrument for the oppression of opposing parties. Semler v. Oertwig, 234 Iowa 233, 241, 12 N. W. 2d 265. Whether the ability of the serviceman to prosecute or defend is materially affected is to be determined by the court in the exercise of a sound judicial discretion. Gilbride v. City of Algona, 237 Iowa 20, 20 N. W. 2d 905; Ratliff v. Ratliff, 234 Iowa 1171, 1176, 15 N. W. 2d 272; Heck v. Anderson, 234 Iowa 379, 12 N. W. 2d 849.

The right of the serviceman to a stay depends upon the circumstances of each case, and the nature of the action, or his relation to it; or his lack of knowledge of the matters involved may render his presence at the trial unnecessary to an adequate protection of his rights. The end sought is that, so far as possible, injustice will be done to no party. Semler v. Oertwig, supra. Where a business enterprise is operated for the absent serviceman by his agents it would seem that usually such agents can act for him in proceedings to enforce liabilities resulting from such operation and that in most cases his presence at the trial is unnecessary to protect his rights. See footnotes to Boone v. Lightner, 319 U. S. 561, 63 S. Ct. 1223, 87 L. Ed. 1587.

Although the allegations of the petition in this case are rather broad in scope, the action appears to be primarily one to abate an alleged liquor and gambling nuisance. In the lan-

guage of Littleton v. Fritz, 65 Iowa 488, 494, 22 N. W. 641, 644, 54 Am. Rep. 19:

"It belongs to that class of remedies which may properly be provided by statute to aid in the administration of preventive justice. It stays the arm of the wrong-doer. It does not seek to punish him for any past violations of the law. Its purpose is to prevent a public offense, and suppress what the law declares to be a nuisance."

City of Cedartown v. Pickett, 194 Ga. 508, 22 S. E. 2d 318, was an action by a serviceman to enjoin the city from enforcing an order by the city commission adjudging his junk business to be a nuisance and ordering him to abate it. The court held the act was not intended by Congress to be applied where the serviceman seeks to prevent the abatement of a common nuisance, and stated that Congress could not legalize public nuisances nor enact a valid statute that would have this effect by staying any proceedings designed for the purpose of abating such public nuisance.

American Law of Veterans states, at page 711:

"* *. * the statute in question was not intended to serve as an instrument by which one in military service might endanger the peace, the health, and the lives of the people by staying any proceeding brought for the purpose of protecting the general public. Thus, proceedings will not be stayed which have for their purpose the abating of a public nuisance."

It should be noted that the cited case deals with the abatement of an adjudicated nuisance while the case at bar concerns an *alleged* nuisance. However, the right of the general public to protection from a public nuisance is an element to be considered in arriving at a conclusion which will do no injustice to any party.

In this case the record indicates the alleged continuing nuisance arises from the operation of the serviceman's business and that since about August 1, 1945, the agents for the absent serviceman have operated the business and maintained the nuisance, if any, for him. Upon the entire record a finding was warranted that the presence of the serviceman at the trial

is unnecessary to adequately protect his rights. The trial court found such presence unnecessary and ordered that the application for stay be overruled. Under the circumstances shown in the record we conclude such order was not an abuse of discretion.—Affirmed.

BLISS, C. J., and HALE, MILLER, GARFIELD, SMITH, MANTZ, and MULRONEY, JJ., concur.

WENNERSTRUM, J., not sitting.