PARKER *v.* PARKER.

CANDLER, Justice. James T. Parker filed a suit for divorce against his wife, alleging cruel treatment as his ground therefor. Mrs. Parker's answer, as later amended, denied the petitioner's allegation of cruel treatment; admitted the other allegations of the petition; and, by way of cross-action, alleged in substance: that the petitioner is a sergeant in the United States Army, earning more than $260 per month; that they have no property except a partly paid for automobile; that the salary which she presently earns from her employment is not sufficient to provide her with the necessities of life; and that they have no children. She prayed for alimony, both temporary and permanent, also for necessary counsel fees; and that the petitioner's prayer for divorce be denied. The petitioner, through his counsel of record, filed an application for a stay of the proceedings under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940. His petition therefor, which was positively verified by his counsel, alleged that the petitioner, as a soldier in the Army of the United States, was presently engaged in the Korean conflict; that his rights, due to his involuntary absence from this country, would be materially and injuriously affected by a trial of the issue made by his petition and the defendant's answer and cross-action; and that the defendant had employment from which she receives $200 per month, a sufficient amount for her support and maintenance. There was no written response to the application for stay and, so far as the record shows, no evidence was offered in dispute of the facts therein alleged. The trial judge, after hearing argument, refused to grant the stay applied for; and the exception here is to that judgment only. *Held:*

1. For the same reason as given in *Howard* v. *Howard*, 203 *Ga.* 782 (48 S. E. 2d, 451), this court will presently take judicial cognizance of the fact that the Soldiers' and Sailors' Civil Relief Act of 1940 (54 Stat. 1178) is still of force and effect. Consequently, the trial judge, on presentation of the application for a stay of the proceedings in the case at bar, was required to give full effect to the applicable provisions of the act.

2. The section of the Soldiers' and Sailors' Civil Relief Act of 1940 here invoked is § 201 (54 Stat. 1178, 1181, 50 U.S.C.A. § 521), which reads: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." In the present case, the record shows affirmatively that the party for whom the application for a stay of the proceedings was made was not only in military service, but at the time in a foreign country actively engaged in conflict; and no evidence was offered for the purpose of showing that his rights would not be materially affected by a determination of the pending litigation. In these circumstances, the trial judge was required, as a matter of law, to grant the stay. *Gates* v. *Gates*, 197 *Ga.* 11, 16 (28 S. E. 2d, 108); Boone *v.* Lightner, 319 U. S. 561 (63 Sup. Ct. 1223, 87 L. ed. 1587). Or, to state it differently, an applicant for a stay of judicial proceedings, whether plaintiff or defendant therein, under the provisions of the cited Federal statute, may rest his request therefor upon the bare statement that he is at the time actively in military service; and unless something appears sufficient to show that his rights, as a litigant, will not be materially affected by a determination of the pending litigation, it is mandatory that the application be granted. Applying the rule just announced in the instant case, it follows as a matter of law that a stay of the proceedings should have been granted as requested. Accordingly, the judgment here complained of is erroneous.

*Judgment reversed. All the Justices concur.*

No. 17366. FEBRUARY 14, 1951.

*Vester M. Ownby,* for plaintiff.
*Claude Hambrick,* for defendant.