### 36823. COX *v.* YATES.

Townsend, J. 1. The denial of a stay in proceedings properly applied for under the Soldiers and Sailors Civil Relief Act (50 U. S. C. A., App. § 521) is a final judgment from which a writ of error will lie.

2. The discretion which is vested in the trial court to grant or refuse a stay of proceedings on application and showing that the defendant is in the armed forces of the United States engaged in military service in a foreign country is not an absolute discretion, but is a legal discretion to determine, from the facts in evidence, whether the absence of the defendant on the trial of the case will materially affect his ability to defend the action, and, where it appears that such ability will be materially impaired, the stay should be granted. "A person in the military service is entitled as a matter of law to a stay of a proceeding against him in any case to which that statute is applicable, upon his bare application stating that he is at the time in the military service, and where nothing else appears as evidence on the question of impairment of his ability to defend the action." *Gates* v. *Gates,* 197 *Ga.* 11 (2) (28 S. E. 2d 108). See also Ulmer *v.* Mackey (Tex. Civ. App. 1951) 242 S. W. 2d 679; Luckes *v.* Luckes, 245 Minn. 141 (71 N. W. 2d 850); Rauer's Law & Collection Co. *v.* Higgins, 76 Cal. App. 2d 854 (174 Pac. 2d 450); McArthur *v.* Shaffer, 59 Cal. App. 2d 724 (139 Pac. 2d 959); Glick Cleaning & Laundry Co. *v.* Wade, 206 Ark. 8 (172 S. W. 2d 929). In Koons *v.* Nelson, 113 Colo. 574 (160 Pac. 2d 367), cited by plaintiff in error it was held that no abuse of this discretion existed where the case was tried by the court without a jury and the movant's depositions were in evidence.

3. Generally, parties to civil actions in this State have the right to be present at all stages of the trial. *Willingham* v. *Willingham,* 192 *Ga.* 405 (15 S. E. 2d 514).

4. It appears from this record that the basis of the litigation at issue is an intersection collision, and that liability will turn upon the question, among others, of which vehicle was crossing the street on a green traffic signal, and which vehicle was crossing on a red traffic signal, at the moment of impact; that as to this issue the testimony will be in conflict, and that accordingly the jury may have to choose between the testimony of the defendant, driver of one of the vehicles, and

witnesses for the plaintiff, in which event the jury might have to choose between the credibility of the defendant and that of other witnesses, on the basis, among other things, of the appearance and manner of the witnesses in giving their testimony. Under these circumstances it cannot be said, even if the defendant were able to give evidence by deposition which adequately covered his theory of the case, that his absence would not materially affect his ability to defend the case.

5. The collision here occurred on April 6, 1956. The petition was filed in the City Court of Columbus on August 31, 1956 and served upon the nonresident defendant by service upon the Secretary of State of Georgia. The defendant answered on October 2, 1956. The City Court of Columbus has six terms per year beginning on the first Mondays of November, January, March and so on. Ga. L. 1952, p. 2175. The case was first set for hearing at the January term, and continuances were granted at the January and March terms. A third application filed April 5, 1957 for a stay was denied on May 29, and the exception is to this judgment. The defendant is a sergeant first class in the regular army of the United States and so far as appears was in the armed forces when the petition was filed. His transfer to duty in Korea was ordered on October 24, 1956, and took place in December of that year. So far as the record shows the defendant neither requested the transfer nor sought a deferment thereof. The plaintiff in error argues that under the decision in Stalcup *v.* Ruzic, 51 N. M. 377 (185 Pac. 2d 298), cited with approval in *Gates* v. *Gates,* 197 *Ga.* 11, supra, the fact that the defendant failed to request a deferment of the overseas assignment shows either a lack of diligence or a desire to evade the trial of the case on his part such as to authorize the court, in its discretion, to refuse a stay, and it is further argued that the defendant, having enlisted in the regular army, may by this means elect to remain on foreign duty or distant parts of the country for decades and so avoid any judgment that would otherwise be rendered against him. This court does not feel that a mere failure to attempt deferment of foreign service assignment for an indefinite period where it is not shown that such attempt might be successful if made is sufficient as a matter of law to demand a finding that the defendant is attempting to evade a trial of the case. Further, the court

granted a continuance in this case in January and again in March on the ground that the defendant was stationed in Korea, which establishes that the court was of the opinion that *at the time the defendant received and accepted the overseas assignment* he was entitled to a deferment of the trial. This court knows that overseas assignments are ordinarily for periods of time longer than two or four months, so that, if the defendant did not prejudice his rights to a deferment in leaving for Korea in December, 1956, so as to be ruled for trial in January, he could not have prejudiced them in December so as to be ruled for trial in May, there being nothing to show that the overseas assignment would ordinarily have terminated by the latter date. While the defendant carried insurance (evidence of which has been held relevant on the question of whether refusal to delay the trial would affect his civil rights, see Koons *v.* Nelson, supra) the limits of coverage were less than the amounts sued for in this and two companion cases. The act is to be given a liberal construction in favor of soldiers and sailors to be protected thereby, but it should not be used as an instrument of oppression or a means of defeating an orderly and expeditious trial. State ex rel. Swanson *v.* Heaton, 237 Iowa 564 (22 N. W. 2d 815); Ridley *v.* Young, 64 Cal. App. 2d 503 (149 Pac. 2d 76). Under all of these circumstances, this court is of the opinion that the trial court, having in previous decisions found that the defendant was entitled to a continuance because of his assignment to Korean duty, should stay the proceedings at least for the normal term of such foreign duty, after which, on proper application, the court might again consider the matter from the point of view of whether in the event the defendant is still unavailable for trial his unavailability is caused by his own failure to exhaust the facilities open to him for obtaining leave in order to appear and defend the action. Nothing herein held is in conflict with *Brown* v. *Brown,* 89 *Ga. App.* 428 (80 S. E. 2d 2), although in that case it was assumed, without deciding the issue, that a grant of a continuance under the Soldiers and Sailors Civil Relief Act would not necessarily operate as the law of the case upon a further consideration of the question at a later date. In that case the soldier was stationed in an adjoining county, his ability to defend was not shown to have been materially im-

paired, and there was a change of condition in that the defendant had failed to comply with the terms of the order under which the original stay had been granted. This case, on the contrary, is controlled by *Parker* v. *Parker,* 207 *Ga.* 588 (2) (63 S. E. 2d 366) as follows: "The record shows affirmatively that the party for whom the application for a stay of the proceedings was made was not only in military service, but at the time in a foreign country actively engaged in conflict; and no evidence was offered for the purpose of showing that his rights would not be materially affected by a determination of the pending litigation. In these circumstances, the trial judge was required, as a matter of law, to grant the stay."

The trial court erred in refusing a further stay of proceedings. *Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 17, 1957—REHEARING DENIED
OCTOBER 7, 1957.

*Young & Hollis,* for plaintiff in error.
*Richard H. Baker, Paul Blanchard,* contra.