40324. SABORIT v. WELCH.

DECIDED NOVEMBER 5, 1963.

612

*Edmund Landau, Farkas, Landau & Davis*, for plaintiff in error.
*Francis Houston, Burt & Burt, Hilliard P. Burt*, contra.

HALL, Judge. Section 520 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. § 501 et seq., provides, "In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing" the defendant's military status, and further provides for the appointment of an attorney and other protection of his interests if the defendant is in military service. These provisions were not complied with in the present case.[1] This section further provides: "(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof."

The plaintiff argues that because the defendant was served and had notice that suit had been brought against him it was within the trial court's discretion to find that he had not been prejudiced by reason of his military service and to deny his motion to set aside the judgment. We are not convinced by this argu-

[1]Failure to comply with these provisions does not make the judgment void, but merely voidable. *Morris Plan Bank of Ga. v. Hadsall*, 202 Ga. 52 (41 SE2d 881).

ment, because the relief afforded by the Act is not needed by a serviceman who has not been served with the suit in which the default judgment was taken. See Callaway, The Federal Soldiers' and Sailors' Civil Relief Act, 17 Ark. L. Rev. & Bar Assn. J., pp. 16, 22 (Winter 1962-63). Such a judgment would be void and a nullity. *Code* § 110-709; *Foster v. Foster*, 207 Ga. 519, 523 (63 SE2d 318). The Act provides relief when a defendant in military service *did not appear* and a default judgment was rendered against him. The serviceman needs this relief when he has been served but did not appear and "was prejudiced by his military service in making his defense." The United States Supreme Court, affirming a judgment denying a stay of proceeding under § 521 of the Act when the facts authorized the trial judge to find the defendant's military service did not prejudice his ability to defend, recognized that "absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial. . ." Boone v. Lightner, 319 U.S. 561 (63 SC 1223, 87 LE 1587). This court also has recognized the prejudicial effect of the defendant's personal absence from the forum of litigation. *Cox v. Yates*, 96 Ga. App. 466, 467 (100 SE2d 649). The fact of service and notice to the defendant does not alone overcome the prima facie prejudice shown by absence of the defendant in military service.

The defendant testified that law suits had been brought by him and against him as a result of the automobile accident; that he had had correspondence with lawyers who were involved in those suits, and within a few days after receiving notice of the present suit he sent it to one of his lawyers. The plaintiff argues that the following testimony of the defendant elicited on cross examination shows that he was not prejudiced by his military service: "I didn't notify them, [the insurance company] but I did notify one of the lawyers. . . I didn't get no letter from them until I was back here in the United States, saying that I had a judgment against me for that amount of money. . . [My insurance company] assigned me a lawyer and I went to see him, and that is all . . . [I first learned that no answer had been filed when] I first got a letter from the insurance company . . . saying there was a judgment

against me for $40,000. . . [My insurance coverage] is 5, 10 and 5." The above evidence does not show that the defendant's insurer had notice of the suit before judgment; or that the insurer will be liable under the insurance contract or will satisfy the judgment up to the policy limitations; or that the defendant will not himself be called upon to satisfy the judgment. It is not sufficient to overcome the prima facie prejudice shown by the defendant's absence in military service.

The plaintiff offers to reduce the judgment to $5,000 to conform to the limits of the defendant's insurance coverage, and contends that this will certainly alleviate any prejudice to the defendant by relieving him of liability for the balance of the judgment. We agree with the plaintiff's contention that the Soldiers' and Sailors' Civil Relief Act is for the benefit of military personnel rather than insurance companies. However, in view of the fact that the evidence does not show that the insurer will be liable for the judgment under its insurance contract, reducing the judgment to the limits of the policy will not as a matter of law relieve the defendant of his liability. "Any doubts that may arise as to the scope and application of the Act should be resolved in favor of the person in military service involved." H.R. Rep. No. 2198, 77 Cong., 2d Sess., 1942.

Decisions in cases similar to this involving motions to set aside a judgment under § 520 of the Act are scarce. Decisions involving § 521 of the Act, providing for stay of proceedings in which a person in military service is a party, are more numerous. The Georgia Supreme Court has held that under § 521 "it seems clear that when the application is made it is imperative that the stay be granted unless it is made to appear further, by relevant evidence touching the question of impairment to prosecute or defend resulting from military service, that there is no material impairment. The Act places no burden upon anyone to produce evidence touching this subject; but in view of the fact that it does authorize the judge to deny the application when, in his opinion, there is no impairment, it is obvious that the judge has full power to make such inquiry as he may feel the justice of the case demands. He may obtain this evidence from either party, or the record in the case may constitute such evidence. It mat-

ters not which party produces the evidence or from what source it comes; so long as it is legal evidence relevant to the issue the judge is authorized to consider it, and if in his opinion there is no material impairment by reason of the applicant's military service he may deny a stay. The language of the Act does not authorize a construction which would place upon the applicant the burden of proving that his ability to prosecute or defend the action is materially impaired; . . . An applicant might well rest his request for a stay upon the bare statement that he is at the time actively in the military service, and, with nothing more appearing as evidence touching the question of his impairment by virtue of his service, the trial judge would be required, as a matter of law, to grant the stay." *Gates v. Gates,* 197 Ga. 11, 15, 16 (28 SE2d 108); *Parker v. Parker,* 207 Ga. 588, 589 (63 SE2d 366). Section 520 does not, like § 521, speak of the discretion of the court in which the proceeding is pending. We may assume, however, that the term "prejudiced" in § 520 has the same meaning as "materially affected" in § 521, and that the trial court has a discretion, as contended by the plaintiff, in deciding a motion to set aside a judgment under § 520. The discretion nevertheless would be "a legal discretion to determine, from the facts in evidence," whether by the defendant's absence in military service he was prejudiced in making his defense. *Cox v. Yates,* 96 Ga. App. 466, supra.

In this case there was no appearance by the defendant. He was prejudiced prima facie by reason of his absence overseas in military service in making his defense. The evidence was not sufficient to show that he was not prejudiced. The defendant pleaded a meritorious defense which he prayed to be permitted to file instanter. The facts did not authorize the trial judge to deny the motion to set aside the judgment.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*