54589. MAYS v. THARPE & BROOKS, INC. et al.

WEBB, Judge.

Action against Dr. J. L. Mays and Wade R. Mason on their guaranty of a $48,000 note from Rondak Construction Company was begun on June 2, 1975 by Tharpe & Brooks, Inc., as assignee of First South Homeowners Co., Inc., original payee. Mays answered on July 2 and Mason on October 28. Mason was adjudged a bankrupt on February 17, 1976. Tharpe moved for summary judgment against Mays in March, and to this motion Mays responded and made affidavit in opposition. That motion for summary judgment was denied, and Tharpe filed a second summary judgment motion. Mays responded, and that motion was denied on February 4, 1977.

In the meantime Mays on October 16, 1976 went on permanent active duty as an officer of the Air Force serving in the Philippines. Through his counsel and by their affidavit in support thereof, Mays moved for a stay of proceedings under the provisions of the Soldier's and Sailor's Civil Relief Act of 1940 as amended (50 USCA §

501 et seq.), augmented by an affidavit of like effect from his wife. That motion to stay was filed December 29, and denied January 11, 1977.

Tharpe filed its third motion for summary judgment, together with supporting affidavits, in April and May. Again Mays moved through his counsel for a stay of proceedings under the Soldier's and Sailor's Civil Relief Act, reciting therein that Mays "is on permanent active duty as an officer in the United States Air Force and since October 16, 1976, has been serving in the Philippines, and that the ability of the defendant to conduct his defense is adversely and materially affected by reason of his inability to be present to defend himself, and . . . prays that all proceedings in this action be stayed during the period of such military service and 60 days thereafter." The affidavit asserts that Tharpe's third motion contains "additional conflicting testimony bearing upon the amount alleged to be due" and "containing two new witnesses by affidavit which were not contained in the first two motions for summary judgment." This motion to stay was denied by order of the trial judge on June 17, and Mays appeals.

The record affirmatively shows that the party for whom application was made was in military service in the Philippines, and no evidence was offered for the purpose of showing that his rights would not be materially affected by a determination of this litigation. A substantial right of a party to litigation is to be present at the trial and render assistance to his counsel as the developments unfold. Consequently, unless it is a situation in which no harm could accrue by reason of his absence, generally recognized as an exception in the statute, a member of the military service is entitled as of right to the stay. A person in the military service is entitled as a matter of law to a stay of a proceeding against him in any case to which that statute (50 USCA § 521) is applicable, upon his bare application stating that he is at the time actively in the military service; and "unless something appears sufficient to show that his rights, as a litigant, will not be materially affected by a determination of the pending litigation, it is mandatory that the application be granted." *Parker v. Parker*, 207 Ga. 588, 589 (2) (63 SE2d

366) (1951); *Cox v. Yates,* 96 Ga. App. 466 (2) (100 SE2d 649) (1957) and cits.

The trial court erred in refusing a stay of proceedings at this time. Tharpe should under proper discovery procedure be able to determine when Dr. Mays will be available to defend in a future court proceeding, and at that time file a motion for the stay to be lifted and a hearing set on its pending motion for summary judgment.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED OCTOBER 26, 1977 — REHEARING DENIED NOVEMBER 10, 1977.

*Hatcher, Meyerson & Irvin, Stanley P. Meyerson,* for appellant.

*Zusmann, Sikes, Pritchard & Cohen, H. William Cohen, Stephen C. Whicker,* for appellees.