**In re the Marriage of Linda Joy JACKSON, Petitioner, Respondent,**

v.

**Rocky Dale JACKSON, Appellant.**

No. CX–86–1850.

Court of Appeals of Minnesota.

March 31, 1987.

Patrice M. Rico, St. Paul, for respondent.

Randall B. Holbrook, Hyatt Legal Services, Coon Rapids, for appellant.

Considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ., with oral argument waived.

POPOVICH, Chief Judge.

This appeal is from an order increasing monthly child support payments. Appellant claims the trial court abused its discretion because (1) an indefinite stay of proceedings is warranted during appellant's overseas military service pursuant to the Soldiers and Sailors Civil Relief Act of

1940, 50 U.S.C.A. app. § 521 (1981), (2) the original support obligation is not unreasonable and unfair, and (3) circumstances justify a downward departure. We affirm.

**FACTS**

Appellant Rocky D. Jackson and respondent Linda J. Jackson were divorced March 12, 1981. Pursuant to the parties' stipulation, respondent received custody of the parties' minor child, Mark Kenneth Jackson, born November 29, 1977. Appellant agreed to pay $150 monthly child support, which was to be adjusted every six months according to the Bureau of Labor Statistics Consumer Price Index.

At the time of the dissolution proceedings, appellant was a member of the United States Army, stationed in Korea. For purposes of the dissolution, he waived his rights under the Soldiers and Sailors Civil Relief Act. Appellant's military service continues and currently he is stationed in Germany.

In October 1985, respondent moved the court to increase appellant's support obligation. In December, appellant filed a countermotion for an indefinite stay of the proceedings during his military service pursuant to the Soldiers and Sailors Civil Relief Act.

On December 27, 1985, a hearing was held at which the family court referee recommended denial of appellant's motion for a stay of proceedings. The referee reasoned appellant's military status does not materially affect his ability to defend the action because the parties' presence is not required for motions to increase child support under the Special Rules of Family Court for the Second Judicial District. Because of communication delays resulting from the distance between the parties, the referee extended time to complete discovery and submit written arguments. In its January 6, 1986 order, the court adopted the referee's findings and recommendations.

On January 30, 1986, the court approved the referee's recommendation granting re-

spondent's motion to increase child support. Adopting the referee's findings, the court found circumstances substantially changed since the dissolution. Specifically, the court found appellant's gross monthly income since the time of dissolution had increased from $910.36 to $2063.72 currently, an increase of $1153.36 per month or 127%. Appellant has since remarried and his spouse is not employed. His monthly living expenses are $959.27 plus $479 per month unsecured consumer credit obligations. The court computed appellant's net monthly income as follows:

| | |
|---|---|
| Base pay | $1,476.00 |
| Separate rations | 145.85 |
| Quarters | 383.70 |
| Overseas housing | 58.17 |
| Gross income | $2,063.17 |
| Federal withholding | 181.75 |
| State withholding | 59.40 |
| FICA | 105.55 |
| Health Insurance | 74.80 |
| Net income | $1,642.22 |

The court also found respondent's income at the time of the dissolution, when she was unemployed and receiving AFDC, increased to a current net monthly income of $810. Her reasonable monthly expenses amount to $1283.51 which includes $215 per month for debt retirement. Respondent is not remarried, does not own an automobile or real estate, and resides in a one bedroom apartment with the parties' minor child.

The court further found increased needs for the child, now eight, who requires additional expenses for school lunches, equipment and clothing, medical expenses and summer day care.

The court concluded the substantial change in circumstances rendered the original child support obligation unreasonable and unfair. The court found no basis to deviate from the child support guidelines pursuant to Minn.Stat. § 518.551, subd. 5 (1984) and increased appellant's support obligation to 25% of his monthly net income or $410.56 per month. Appellant did not seek further trial court review and appealed directly from the June 30, 1986 order.

## ISSUES

1. Did the trial court abuse its discretion in refusing to stay the support proceedings during appellant's military service?

2. Did the trial court abuse its discretion by increasing monthly child support payments according to the guidelines?

## ANALYSIS

1. Since appellant appealed directly to this court, bypassing the trial court's independent review, our scope of review is limited accordingly. *Warner v. Warner*, 391 N.W.2d 870, 873 (Minn.Ct.App.1986).

2. The Soldiers and Sailors Civil Relief Act of 1940 provides in relevant part:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, *in the discretion of the court* in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, *be stayed* as provided in this Act * * * *unless, in the opinion of the court, the ability of* plaintiff to prosecute the action or *the defendant to conduct his defense is not materially affected by reason of his military service.*

50 U.S.C.A. app. § 521 (1981) (emphasis added).

In *Boone v. Lightner*, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943), the United States Supreme Court construed the Act stating:

> The Act cannot be construed to require continuance on mere showing that the defendant was in * * * the military service. * * *
>
> * * * [J]udicial discretion thereby conferred on the trial court instead of rigid and undiscriminating suspension of civil proceedings was the very heart of the policy of the Act.

*Id.* at 565, 63 S.Ct. at 1226 (footnote omitted).

In refusing to stay the proceedings in this case, the trial court reasoned appellant's presence was unnecessary because motions to modify child support are submitted only on affidavits and arguments of counsel. The Special Rules of Family Court for the Second Judicial District provide:

> All Motions, except for custody or contempt proceedings or Motions to vacate a Judgment and Decree, shall be submitted on Affidavits and argument of counsel unless otherwise ordered by the Court, in its discretion, upon good cause shown.

Special R.Prac., Second Judicial District, Rule 17, § 1.07, *found in* Minnesota Rules of Court (1985).

Appellant argues while the rule does not compel his presence, it is nevertheless advantageous to facilitate easy communication with counsel and the court. Further, there is a great need for him to participate closely since support modification is premised on financial circumstances and his duty to support his child.

■ We disagree. In *Sieber v. Sieber,* 258 N.W.2d 754 (Minn.1977), the Minnesota Supreme Court addressed the rule's specific application in support modification proceedings:

> [E]videntiary hearings ordinarily need not be conducted to consider alteration of alimony or support payments *when the evidence can be fairly and more expeditiously presented by affidavits and documentary evidence.*

*Id.* at 756 (emphasis added). Moreover, the trial court recognized the communication difficulties by extending time to complete discovery and submit written arguments.

Appellant further argues a stay should be denied only when a serviceman had the opportunity to participate and refused, thus abusing the Act. *See Boone,* 319 U.S. at 571, 63 S.Ct. at 1229. The trial court's discretion is not limited, however, to such circumstances. Here the court properly found appellant's presence was unnecessary and therefore his absence did not materially affect his ability to conduct his defense. *See, e.g., State ex rel. Swanson v. Heaton,* 237 Iowa 564, 22 N.W.2d 815 (1946) (stay properly denied when serviceman's presence at trial unnecessary). The record supports the trial court's discretionary refusal to stay the proceedings.

3. It is well established that the decision to modify a child support order lies in the broad and sound discretion of the trial court, and an appellate court will reverse for an abuse of that discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record."

*Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)). A child support order may be modified if a party's earnings or needs substantially increase or decrease so that the terms of the original decree become unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1984).

■ Appellant claims his income has not increased substantially since it currently includes housing and rations allowances which replace benefits received at the time of the original stipulation. By comparing only his current base pay to his gross income at the time of dissolution, however, the accumulated monthly increase exceeds a $5000 annual increase, which this court has previously deemed substantial. *Neary v. Neary,* 366 N.W.2d 369, 371 (Minn.Ct. App.1985).

Appellant also claims his increased income does not render the stipulated obligation unreasonable and unfair since respondent's income has increased as well. Although respondent is now earning some income, the child is also entitled to benefit from the noncustodial parent's increased income "to enjoy the standard of living that [the child] would have had if the marriage had not been dissolved." *Letourneau v. Letourneau,* 350 N.W.2d 476, 478 (Minn. Ct.App.1984).

In addition, appellant claims the trial court should have given more deference to the stipulated support obligation since it allowed regular increases contemplated by the parties at the time of dissolution.

While stipulations may encourage courts to exercise greater restraint when ordering support modifications, child support requirements relate to the nonbargainable interests of a child and are less subject to restraint by stipulation.

*Quaderer v. Forrest,* 387 N.W.2d 453, 457 (Minn.Ct.App.1986). Further, the support determination "will be controlled by the welfare of the child as the paramount consideration." *Tammen v. Tammen,* 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970). The trial court properly placed its emphasis on the child in finding substantial change in circumstances rendered the stipulated support obligation unreasonable and unfair.

4. Appellant claims the trial court should have departed downward by considering his monthly $479 unsecured debt obligations because as a member of the armed forces he could face a court-martial directing criminal charges and punishment for failure to pay his lawful debts. *See* Uniform Code of Military Justice, 10 U.S.C.A. § 934 (1983). Appellant failed to bring this particular argument to the trial court's attention, however, precluding its consideration for the first time on appeal. *Gruenhagen v. Larson,* 310 Minn. 454, 457, 246 N.W.2d 565, 568. Based on the evidence and arguments presented, the trial court acted within its discretion in finding no grounds for departure and directly applying the guidelines. *See Quaderer,* 387 N.W.2d at 455–56 (noncustodial parent's support obligation takes precedence over debts to private creditors).

### DECISION

The trial court did not abuse its discretion in refusing to stay the support modification proceedings during appellant's military service when appellant's presence is unnecessary. The record supports the trial court's findings for child support modifica-

tion and increase according to the guidelines.

Affirmed.