A89A0499. ALLEN v. HOWARD.
(384 SE2d 894)

BIRDSONG, Judge.
This is the second appearance of this case before us, contesting the denial of appellant Allen's applications for a stay of the proceedings under the Soldiers' & Sailors' Civil Relief Act of 1940 (50 USCA 521) in a paternity action brought by appellee Howard. In the first instance, Allen brought a direct appeal from the trial court's refusal to stay the proceedings, and based upon the record then, we affirmed the denial of the stay. *Allen v. Howard*, 185 Ga. App. 758 (365 SE2d 546). After the case was returned to the trial court, the case was scheduled for trial during the term of court commencing May 2, 1988.

On April 24, 1988, Allen's counsel wrote the trial judge requesting that the case be taken off the May 2 trial calendar as Allen had been denied leave for the period of the trial calendar. Attached to that letter were copies of the official U. S. Navy form on which Allen requested leave and which showed that his request had been denied by his commander, and a letter from Allen's commanding officer which stated that because of current training schedule restrictions any leave requests would be denied at that time. The letter also stated that leave "is granted when it is allowed to be taken as the needs of the Navy dictate." Allen's counsel also requested that the judge telephone Allen's commanding officer about the matter and suggested that the case be specially set for "a date and time certain, which will not conflict with the [d]efendant's duties with the United States Navy." The record does not indicate any response which may have been made to this letter.

On May 2, 1988, Allen's attorney filed a motion for a continuance

and another motion for a stay of the proceedings pursuant to the Soldiers' & Sailors' Civil Relief Act. Attached to the motion for stay was another copy of an official Navy leave request form submitted by Allen on April 26, 1988, again requesting leave for the period of the scheduled trial, but asking for a shorter leave, and specifically requesting "Emergency Leave." This leave was denied with the notation "Does not constitute an emergency [in accordance with Military Personnel Manual]. Student cannot be removed from class without being dropped out of class or set back." Also attached to the motion were the documents attached to the earlier letter to the court and an affidavit from Allen.

Both motions were denied, and the case proceeded to trial on May 2, 1988. An order of the trial court filed on May 26, 1988, denied the motions effective May 2, 1988.

The evidence in support of Howard's paternity claim against Allen at trial consisted of her testimony that they engaged in sexual intercourse on from three to five occasions. No blood test or scientific evidence was introduced showing that Allen was the father of the child. Further, the evidence of Allen's income was testimony by Howard that Allen had shown her his paycheck and that as she recalled he was paid $1,500 per month. Howard's parents also testified and generally supported her claims, although obviously they could not provide direct evidence that Allen was the father of their grandchild. The defense introduced only two letters in evidence. Neither letter went to the issue of paternity. At the close of the defense case, the trial court granted Howard's motion for a directed verdict on the paternity claim. The case went to the jury on child support and medical expenses for the mother and child.

The jury verdict awarded the plaintiff child support of $75 per week, $1,100 in medical expenses for the mother for the birth of the child, and held Allen liable for the child's medical and dental expenses until the child reaches his majority or is otherwise emancipated. The trial court also ordered that Allen pay the plaintiff's attorney fees of $2,250 and court costs, including $300 in fees for the guardian ad litem appointed for the child.

After filing a motion for new trial which was denied, Allen appealed from the judgment of the trial court and from a $10,000 supersedeas bond which was granted by the trial court on the plaintiff's motion. He enumerates as error the trial court's denial of his motion for a stay of the proceedings pursuant to the Soldiers' & Sailors' Civil Relief Act, denial of the motion for a continuance, and several other rulings of the trial court, including the granting of the supersedeas bond and the denial of the motion for new trial. *Held*:

1. Under the circumstances reflected in the record at that time, this court sustained the trial court's earlier denial of Allen's request

for a stay of the proceedings under the Soldiers' & Sailors' Civil Relief Act. *Allen v. Howard,* supra. Our ruling, however, did not mean that Allen would never be entitled to a stay of the proceedings. There are significant differences between the record presented in the first appeal and that before us now. In the record on the earlier appeal, Allen merely relied upon his service in the Navy and his duty station in California as his basis for the stay. There was no indication in the record that he even so much as attempted to request leave from the service to either attend the trial or prepare his defense. Thus, relying on *Underhill v. Barnes,* 161 Ga. App. 776, 777 (288 SE2d 905), we affirmed the trial court.

Now the record before us presents a different situation. Allen's motion for a stay is supported by duplicate original copies of two official leave requests for the period of the trial, both of which were denied by his commanding officer. Further, the record contains a letter from Allen's commanding officer stating that leave would not be granted while Allen was in school. We note that notwithstanding the first denial Allen submitted the second leave request for "Emergency Leave," which was denied because under the Navy Military Personnel Manual the request did not constitute an emergency. We also note that the record contains the request from Allen's attorney that the court intercede with Allen's commanding officer to see that leave would be granted. While we do not suggest that the court should have contacted the commanding officer, the request suggests that Allen had made good faith efforts with the Navy to obtain leave so that Allen could attend the trial.

This court has earlier decided that "[s]ection 521 of 50 USCA App. pertinently provides that when a member in the military service applies for a stay of proceedings, the proceedings shall be stayed, 'unless *in the opinion of the court,* the ability of . . . the defendant to conduct his defense is not materially affected by reason of his military service.' " *Esco v. Jackson,* 185 Ga. App. 901, 904-905 (366 SE2d 309). The trial court's discretion in this matter "is not an absolute discretion, but is a legal discretion to determine, from the facts in evidence, whether the absence of the defendant on the trial of the case will materially affect his ability to defend the action. . . ." *Cox v. Yates,* 96 Ga. App. 466 (2) (100 SE2d 649). The trial judge's "conclusion, however, must be supported by some facts or data, and can not rest upon mere supposition or conjecture." *Lankford v. Milhollin,* 197 Ga. 227, 235 (28 SE2d 752). In this instance we do not know the basis for the trial court's denial of the stay because no reasons were stated in the order. There appear to be, however, only two possibilities. Either the trial court determined that the application for the stay itself did not demonstrate that Allen had "exercised due diligence or acted in good faith in attempting to make himself available for trial [or] that

his military service did not affect his ability to conduct his defense." *Underhill v. Barnes*, supra.

The record now before us shows that Allen submitted two applications for leave in order to attend the trial and that his commanding officer denied the requests. There is no evidence suggesting that Allen's request was not made in good faith. Further, the letter from his commanding officer states that leave was not granted because of the needs of the Navy. Since it is presumed that Allen's commanding officer performed his duties lawfully and in good faith (*Hudson v. State*, 185 Ga. App. 508, 509 (364 SE2d 635); *Strother Ford v. First Nat. Bank*, 132 Ga. App. 268, 270 (208 SE2d 25)), we cannot conclude from this record that the leave was denied for any other reasons. Allen cannot be held responsible for the lawful actions of his commanding officer. Further, for Allen to depart his duty station without (proper leave) authority is a criminal offense under the Uniform Code of Military Justice (10 USC 886). Thus, we must conclude that Allen's absence from the trial was in good faith. The letter from Allen's attorney to the court in which he requested the assistance of the court in obtaining Allen's attendance at trial or asking for a special setting of the trial when the trial date would not conflict with the needs of the Navy also supports this conclusion.

Moreover, it cannot be suggested reasonably that Allen's absence from the trial did not materially impair his ability to conduct his defense. The case against him on the issue of paternity rested on the in-court testimony of Howard and, to a minor extent, to her parents. There were no scientific or medical tests introduced tending to prove his paternity. Allen's contentions, as reflected in his pretrial order, denied that he was the father of the child. Thus, this case would have been decided on the jury's evaluation of the credibility of the witnesses. Allen had "[a] substantial right . . . to be present at the trial and render assistance to his counsel as the developments unfold[ed]," *Mays v. Tharpe & Brooks*, 143 Ga. App. 815, 816 (240 SE2d 159), and we have recognized that "[g]enerally . . . parties to civil actions . . . have [a] right to be present at all stages of the trial." *Cox v. Yates*, supra at (3). Further, where credibility is an issue, "it cannot be said, even if the defendant were able to give evidence by deposition which adequately covered his theory of the case, that his absence would not materially affect his ability to defend the case." Id. at 467.

Accordingly on the record now before us, we must conclude that the court abused its discretion in denying the application for a stay pursuant to the Soldiers' & Sailors' Civil Relief Act. *Smith v. Smith*, 222 Ga. 246, 247 (149 SE2d 468). Further as we also find that Allen was prejudiced by his absence from the trial, *Saborit v. Welch*, 108 Ga. App. 611, 613 (133 SE2d 921), the judgment of the trial court must be reversed.

2. In view of our decision in Division 1, we need not address the other enumerations of error.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 3, 1989 —
REHEARING DENIED JULY 17, 1989 —

*John W. Knapp, Jr.*, for appellant.
*Larry D. Ruskaup*, for appellee.