## S89A0101. SHELOR v. SHELOR.
### (383 SE2d 895)

GREGORY, Justice.

Susan Shelor brought this action to modify child support in the Superior Court of Baldwin County. Subsequent to service of process on October 14, 1988, Robert Shelor, a captain on active duty in the United States Marine Corps Reserve, received orders to report to Guantanamo Bay, Cuba, for a thirty-month tour of duty to commence January 3, 1989. Robert answered, raising several equitable defenses. He also filed a motion to stay the proceedings pursuant to The Soldiers' and Sailors' Civil Relief Act of 1940, 50 USCA § 521. The trial court held a hearing on December 28, 1988, during which it heard the motion to stay further proceedings and a motion for temporary modification of child support. The issue of modification of permanent child support was not before the court. Robert was apparently at home during the hearing, and the record is void of any evidence concerning the reason for his failure to attend other than his counsel's bare assertion that Robert was ordered to direct the movers dispatched that day. On March 20, 1989, the trial court granted the stay and denied Susan's motion for temporary modification of child support.

Susan contends that the trial court either failed to use its discretion or abused its discretion in granting the stay under the Act. In light of the record and the drafting of the order, we find that the trial court did not err in staying further proceedings until Robert left Cuba; however, the court abused its discretion with regard to the motion for temporary increase in child support before it at the hearing. Therefore, we reverse in part and direct that the trial court consider the motion for temporary increase in child support.

A trial court has a large degree of discretion in determining whether to grant a stay under the Act. *Boone v. Lightner*, 319 U. S. 561, 575 (63 SC 1223, 87 LE 1587) (1943). As a general rule, however, the trial court should grant a stay unless something appears sufficient to show that the rights of the serviceman, as a litigant, will not be materially affected by a determination of the pending litigation. *Parker v. Parker*, 207 Ga. 588, 589 (2) (63 SE2d 366) (1951). We hold, that as a general rule, given the usually lesser evidentiary burdens placed on the plaintiff or movant seeking temporary relief and the temporal nature of such relief, it cannot be said that a serviceman's rights *as a litigant* will be materially affected by a determination of the action or motion for such relief. By its very nature, such relief is interlocutory and subject to modification. See, e.g., OCGA § 19-6-3(e) ("A failure to comply with the order allowing temporary alimony shall not deprive a party of the right either to prosecute or to defend the case."); OCGA § 19-6-19 (c) ("The order granting temporary modifi-

cation shall be subject to revision by the court at any time before final trial."). Because of the interlocutory nature of the relief, the serviceman's ability to conduct his defense to the action brought against him, in this case an action for modification of permanent child support, is generally not materially affected by determination of the interlocutory relief sought. See *Gilmore v. Gilmore*, 185 Misc. 535 (58 NYS2d 556) (1945). See also *Brown v. Brown*, 89 Ga. App. 428 (80 SE2d 2) (1953).

This is not to say that discretion is removed from the trial court when a party seeks interlocutory relief. See *Smith v. Smith*, 222 Ga. 246 (149 SE2d 468) (1966) (error to deny stay and enter judgment for temporary alimony). In *Smith*, the serviceman submitted evidence that he could not leave his duty station because of extensive training in North Carolina in preparation for his pending transfer to Viet Nam. His commanding officer, by affidavit, also testified that the serviceman would not be able to attend the hearing on the motions for temporary alimony and for a stay. Id. at 247-48. In contrast, Robert did not have to report for duty until *after* the hearing on Susan's motion for temporary modification and on his motion for a stay. Furthermore, he was at home during the hearing, and the record is void of any evidence concerning the reason for his failure to attend other than his counsel's bare assertion that Robert was ordered to direct the movers dispatched that day.

It was error for the trial court in this action not to consider the motion for temporary increase in child support. Therefore, we affirm the order staying further proceedings for modification of child support except for that portion pertaining to temporary modification, which we reverse and remand for a hearing on the motion for temporary modification of child support.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

DECIDED OCTOBER 5, 1989.

*Waddell, Emerson, George & Buice, Hulane E. George,* for appellant.

*Shane M. Geeter,* for appellee.